

| PHILIP D. MURPHY<br>*Governor* | **State of New Jersey**<br>OFFICE OF THE ATTORNEY GENERAL<br>DEPARTMENT OF LAW AND PUBLIC SAFETY<br>DIVISION OF LAW<br>25 MARKET STREET<br>PO Box 112<br>TRENTON, NJ 08625-0112 | GURBIR S. GREWAL<br>*Attorney General* |
|---|---|---|
| SHEILA Y. OLIVER<br>*Lt. Governor* | | MICHELLE L. MILLER<br>*Director* |

January 28, 2020

<u>via CM/ECF Filing Only:</u>
Hon. Renee Marie Bumb, U.S.D.J.
District of New Jersey
Mitchell H. Cohen Courthouse
4th & Cooper Streets
Camden, NJ 08101

      Re:  <u>Skelton v. NJ Department of Corrections, et al.</u>
            <u>Docket No. 1:19-cv-18597-RMB-KMW</u>

Dear Your Honor:

    Undersigned counsel has been assigned to represent Defendants New Jersey Department of Corrections, Hicks, and Powell.  As the Court is aware, the Defendants' time to answer, move, or reply will expire on February 7, 2020.

    Pursuant to the Court's rules and procedures, Defendants request that the court schedule a pre-motion conference before they bring a motion to dismiss.  (<u>See</u> Dkt. at October 3, 2019).  Defendants intend to file a motion to dismiss several counts of Plaintiff's complaint; as prescribed by the Court's rules, Defendants summarize the basis of this motion briefly below.

    First, counts five and six of Plaintiff's complaint should be dismissed with prejudice.  The Americans with Disabilities Act (ADA) and Rehabilitation Act do not provide relief for his claims.  <u>See</u>, <u>e.g.</u>, <u>Kensu v. Rapelje</u>, No. 12-11877, 2015 WL 5302816, at *4 (E.D. Mich. Sept. 10, 2015) (ADA does not provide relief for relief as to dietary accommodation); <u>Stevenson v. Pramstaller</u>, No. 07-14040, 2008 WL 5085145, at *3 (E.D. Mich. Oct. 2, 2008) <u>report and recommendation adopted</u>, No. 07-14040, 2009 WL 804748 (E.D. Mich. Mar. 24, 2009); <u>Carrion v. Wilkinson</u>, 309 F.Supp.2d 1007, 1016

(N.D. Ohio 2004) (dismissing claims that prisoner with diabetes was denied medical treatment – a proper diet – because ADA and Rehabilitation Act were not intended to cover claim). Therefore, counts five and six of Plaintiff's complaint should be dismissed with prejudice.

Second, Plaintiff's complaint should be dismissed to the extent it seeks damages against the Department of Corrections and individuals in their official capacities. These parties are immune from damages under the Eleventh Amendment. See, e.g., Durham v. Dep't of Corr., 173 F.Appx. 154, 156 (3d Cir. 2006); Whitaker v. New Jersey State Prison, No. 15-6744, 2016 WL 781897, at *2 n.2 (D.N.J. 2016) (department of corrections immune in § 1983 suit); Endl v. New Jersey, 5 F.Supp. 3d 689, 698 (D.N.J. 2014) (citing Will v. Michigan Dep't of State Police, 491 U.S. 58, 59 (1989)) (protection extends to state officials sued in their official capacities). Here, Plaintiff's Complaint sues parties in their individual and official capacities for relief including damages and declaratory relief. See generally Plaintiff's Complaint. However, the complaint does not specify what relief is sought for which claims or against which Defendants. See Plaintiff's Complaint at p. 44-46. To the extent Plaintiff seeks damages against parties in their individual capacities, the complaint should be dismissed.

Third, count three of Plaintiff's complaint should be dismissed because it seeks to hold Defendants liable under a supervisory liability theory. Plaintiff's allegations fail to state a supervisory claim under the pre-Iqbal formulation of supervisory liability against the Defendants because he does not sufficiently plead they had personal knowledge, direction, or acquiescence. Plaintiff's limited pleadings on their involvement are conclusory. See Plaintiff's Complaint at ¶ 11-23 (containing conclusory allegations that "Defendants" "acted with deliberate indifference," "conspired together," "knew or should have known," and "willfully, deliberately and maliciously" acted without alleging facts establishing same).

Fourth, count three of Plaintiff's complaint also fails because Plaintiff cannot hold Defendants liable under a supervisory liability following Ashcroft v. Iqbal, 129 S.Ct. 1937 (2009). Admittedly, several Third Circuit cases have referred to the theories of supervisory liability existing prior to Iqbal in passing. See McKenna v. City of Philadelphia, 582 F.3d 447, 460-61 (3d Cir. 2009) (granting judgments to defendants and discussing pre-existing supervisory liability theory); Reedy v. Evanson, 615 F.3d 197, 231 (3d Cir. 2010) (applying framework of supervisory

liability in prior case).  However, the Third Circuit has given a deeper view and expressed doubt as to the existence and scope of these claims.  See, e.g., Santiago v. Warminster Twp., 629 F.3d 121, 130 n.8 (3d Cir. 2010) ("Numerous courts, including this one, have expressed uncertainty as to the viability and scope of supervisory liability after Iqbal..."); Argueta v. U.S. Immigration & Customs Enforcement, 642 F.3d 60, 70 (3d Cir. 2011) ("To date, we have refrained from answering the question of whether Iqbal eliminated – or at least narrowed the scope of – supervisory liability..."); see also Model Civil Jury Instructions for Civil Rights Claims Under Section 1983, at p. 28-30 (July 2019) (noting discussion of whether instruction retains validity following Iqbal and stating "It is not yet clear what Iqbal's implications are for the theories of supervisors' liability that had previously been in use in the Third Circuit.").  In short, Defendants argue that Iqbal should be read as eliminating supervisory liability and thus extinguishing Plaintiff's claim.

 Finally, even if a supervisory liability claim still exists under 42 U.S.C. § 1983, Defendants would be entitled to qualified immunity on Plaintiff's claims.  The developments in supervisory liability discussed above have called the state of the law into question.  To overcome qualified immunity, Plaintiffs must establish that the constitutional violation was clearly established.  E.g., D.C. v. Wesby, 138 S. Ct. 577, 589 (2018); Pearson v. Callahan, 555 U.S. 223, 232 (2009).  Here, as discussed above, the Third Circuit itself has explicitly noted the uncertain status of supervisory liability claims.  Therefore, all claims for damages under a supervisory liability theory should be dismissed due to qualified immunity.

 For the foregoing reasons, Defendants respectfully request that the court schedule a pre-motion conference.

        Respectfully submitted,

        GURBIR S. GREWAL
        ATTORNEY GENERAL OF NEW JERSEY

       By: s/Michael Vomacka
         Michael Vomacka
         Deputy Attorney General

cc via CM/ECF:
 All counsel of record