

**Excolo Law, PLLC**
26700 Lahser Road, Suite 401
Southfield, Michigan 48033
T: 866.9.EXCOLO (866.939.2656)
F: 248.436.6858

Solomon M. Radner – Attorney at Law
Direct: 248.291.9719
E-mail: SRadner@excololaw.com

**COMPLEX LITIGATION ATTORNEYS**

February 18, 2020

Via CM/ECF Filing Only
Hon. Renee Marie Bumb, U.S.D.J.
District of New Jersey
Mitchell H. Cohen Courthouse
4th & Cooper Streets
Camden, NJ 08101

      Re:  ***Skelton v. NJDOC, et al.***
          Docket No. 1:19-cv-18597-RMB-KMW

Dear Your Honor,

     Plaintiffs' counsel apologizes to this Court and Defense counsel for not responding to defense counsel's letter in a timely manner. At the time the motion was filed, both of Plaintiffs' counsel were travelling for different cases and missed the ECF notification. Furthermore, there was a calendaring error.  Plaintiffs' counsel did not realize they had failed to respond until receiving this Court's Order. The undersigned sincerely apologies for this misstep, assures this will not happen again, and hopes this Court forgives his omission and permits these important issues to be heard on the merits. Defendant's arguments are not based on controlling precedent and Plaintiffs can provide a valid and reasoned response to each of Defendants' arguments. Accordingly, Plaintiff respectfully requests this Court accept this untimely response and conduct a pre-motion hearing. The following is a brief outline of Plaintiffs' arguments that would be presented in opposition to a motion to dismiss.

     Defendants' request for dismissal of Plaintiff's ADA and RA claims should be denied. Defendant cites three district court cases from a different circuit, two of which are unpublished. (ECF # 9, Page ID # 68-69). None are controlling on this Court. Further, the Fourth and Ninth Circuit have specifically noted that courts "must 'permit those who are disabled because of severe dietary restriction to enjoy the protections of the ADA.'" *J.D. Colonial Williamsburg Found.*, 925 F.3d 663, 671 (4th Cir. 2019) (quoting *Fraser v. Goodale*, 342 F.3d 1032, 1041 (9th Cir. 2003)).

     Here, Plaintiff's claim is not a failure to provide treatment to a certain individual, it is a claim against a policy directed at a whole subclass of individuals, including those with diabetes, who are not receiving an adequate diet meeting their medical needs. (ECF # 1, Compl., ¶ 1). Diabetes is a cognizable disability under the ADA. *See Cloutier v. GoJet Airlines, LLC*, 311 F. Supp. 3d 928, 938 (N.D. Ill. 2018) (declining to grant summary judgement where "a rational trier of fact could find that Cloutier's diabetes constitutes a disability under the ADA as amended by the ADAAA."). Additionally, allegations similar yet less descriptive than those in Plaintiff's complaint

have been found to adequately state a claim for relief under Title II of the ADA. *See Milledge v. Owens*, 2012 U.S. Dist. LEXIS 30337, at *19 (M.D. Ga. Feb. 13, 2012) ("In this case, Plaintiff has alleged that he suffers from a condition that severely limits the types of foods that he may comfortably consume. He further alleges that prison officials have failed to adequately accommodate his specialized dietary requirements, thereby denying him the benefit of a nutritionally sufficient diet while in prison. The Court finds that, when reading Plaintiff's Complaint in the most generous light possible, these allegations are sufficient to state a claim under Title II of the ADA."). Accordingly, Plaintiff respectfully request this Court deny Defendants' relief requested.

Plaintiff's complaint should not be denied for bringing claims against Defendants in their individual and official capacities where Plaintiff's ADA and RA claims can only be brought against Defendants in an official capacity. *See Harris v. Mills*, 572 F.3d 66, 73 (2d. Cir. 2009) (citing *Henrietta D. v. Bloomberg*, 331 F.3d 261 (2d. Cir. 2003), *cert. denied*, 541 U.S. 936 (2004) ("Title II and Rehabilitation Act suits for prospective injunctive relief may, under the doctrine established by *Ex parte Young*, 209 U.S. 123, 28 S. Ct. 441, 52 L. Ed. 714 (1908), proceed against individual officers in their official capacity."). Plaintiff's complaint requests injunctive relief. (ECF # 1, ¶ 119, 157). Accordingly, Plaintiff's complaint should not be dismissed for bringing claims against Defendants in their official capacity as well as their individual capacity due to the presence of the ADA and RA claims. *See McCarthy v. Hawkins*, 381 F.3d 407, 414 (5th Cir. 2004) (denying defense of Eleventh Amendment immunity where claims under ADA and RA were properly brought against individual defendants in their official capacities).

Defendants claim that in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the Supreme Court eliminated supervisory liability claims under 42 U.S.C. § 1983. (ECF # 9, Page ID # 70). While the dissent argued that the decision did more than narrow the scope of supervisory liability, *Iqbal*, at 693, not one Court has held what Defendants now argue. *See Cordial v. Atl. City*, 2014 U.S. Dist. LEXIS 74567, at *11 (D. N.J. June 2, 2014) (noting cases and still determined "district courts within the Third Circuit have continued to apply the traditional supervisory liability standard.").

*Iqbal* dealt with pleading standards and by no means eliminated a cause of action or limited liability based solely on the title of the defendant. *Johnson v. City of Shelby*, 574 U.S. 10, 12 (2014); *Palakovic v. Wetzel*, 854 F.3d 209, 225 n.17 (3d. Cir. 2017) (reversing dismissal of supervisory liability claims). Further, *Iqbal* arguably only pertains to individuals "at the highest level of the federal law enforcement hierarchy." 556 U.S. at 668. In *Iqbal*, the plaintiff brought claims against correctional officers, the wardens of the facility, "all the way to petitioners--officials who were at the highest level of the federal law enforcement hierarchy." *Id*. Only the claims against the high-level petitioners were "relevant" in *Iqbal*. *Id*. Here, conversely, Plaintiff's lawsuit names zero federal officials or officials comparable to those in *Iqbal*. Instead it names individuals, some of whom remain John Doe's at this stage in the case, who had day to day involvement and knowledge of an unconstitutionally inadequate diet provided to Plaintiff and the class. (ECF # 1, ¶ 26-37, 70-73, 79-85, 14, 95-100, 114-116, 122-128, 132-135). In the Third Circuit, "a plaintiff may state an Eighth Amendment claim against a supervisor based on policies or practices where the plaintiff alleges that the supervisors 'knew or were aware of and disregarded an excessive risk to the plaintiff's health or safety.'" *Palakovic v. Wetzel*, 854 F.3d 209, 233 (3d. Cir. 2017). Here, we have a pervasive policy of an inadequate diet that fails to meet constitutional muster. In *Palakovic*, the Third Circuit specifically vacated and reversed the district court's dismissal of supervisory liability claims. *Id*. at 234. Defendants' request to ignore the doctrine of supervisory liability should be rejected.

Defendants' qualified immunity argument also misses the mark. The state of supervisory liability in the Third Circuit is not relevant to whether the substantive constitutional violation is clearly established law. *See Rosenberg v. Vangelo*, 93 Fed. Appx. 373, 378 (3d. Cir. 2004) ("This argument misses the mark because it is Rosenberg's right that must be clearly established (or shown not to be clearly established by the Supervisor Defendants), not the standard to impose supervisory liability."); *Cordial v. Atl. City*, 2014 U.S. Dist. LEXIS 74567, at *13-14 (D. N.J. June 2, 2014) (following *Rosenberg*, rejecting defendant's argument and finding underlying claim of excessive force as well as deliberate indifference, the supervisory liability standard, to be clearly established). Where Defendants make no argument about the clearly established nature of the underlying Eighth Amendment right to a constitutionally adequate diet, "their claims for qualified immunity fails *ipso facto*." *Rosenberg*, at 378-379. For the reasons stated herein, Plaintiff respectfully requests this Court deny the relief requested in Defendants' letter.

If you have any questions or concerns, you can reach me directly at (248) 291-9719 (office), (248) 372-1749 (cell), or you can contact my legal assistant Katie Moore at (248) 291-9712.

Respectfully Submitted,

EXCOLO LAW, PLLC

Dated: February 18, 2020                    */s/ Solomon M. Radner*
                                                             Solomon M. Radner (283502018)
                                                             Keith L. Altman (*pro hac* pending)

*Attorneys for Plaintiffs*

SMR:km