UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
VICINAGE OF CAMDEN

|  |  |
|---|---|
| RAYMOND SKELTON, | : |
|  | : HON. RENEE MARIE BUMB, U.S.D.J. |
|  | : HON. KADREN M. WILLIAMS, U.S.M.J. |
| Plaintiff, | : |
|  | : |
| v. | : Civ. Dkt. 1:19-cv-18597-RMB-KMW |
|  | : |
| NEW JERSEY DEPARTMENT OF | : |
| CORRECTIONS, et al., | : |
|  | : |
| Defendants. | : |
|  | : |

BRIEF IN SUPPORT OF DEFENDANTS'
FIRST MOTION TO DISMISS PLAINTIFF'S COMPLAINT

GURBIR S. GREWAL
ATTORNEY GENERAL OF NEW JERSEY
Richard J. Hughes Justice Complex
25 Market Street
P.O. Box 112
Trenton, New Jersey 08625-0112
*Attorney for Defendants New Jersey*
*Department of Corrections, Hicks,*
*and Powell*
Michael.Vomacka@law.njoag.gov
(609) 376-3223

Michael Vomacka
Deputy Attorney General
  On the Brief

## TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT............................................1

PROCEDURAL HISTORY...............................................2

STATEMENT OF FACTS..............................................2

STANDARD OF REVIEW.............................................3

LEGAL ARGUMENT

    POINT I

        PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED
        BECAUSE PLAINTIFF FAILS TO STATE A CLAIM AND
        THE CORRECTIONS DEFENDANTS ARE ENTITLED TO
        QUALIFIED IMMUNITY..................................4

        A.    Plaintiff's allegations fail to state
                an Eighth Amendment Claim, and even if
                they did, the Corrections Defendants
                are entitled to qualified immunity...............6

                1. Plaintiff's Complaint fails to state
                a violation of the Eighth Amendment
                because it lacks sufficient factual
                allegations......................................6

                2. There is no law clearly establishing
                that the diets described by the
                Plaintiff violate his constitutional
                rights...........................................11

        B.    Plaintiff's allegations fail to state a
                supervisory liability claim, and even
                if they did, the Corrections Defendants
                are entitled to qualified immunity.............13

                1. Plaintiff's Complaint fails to state
                a claim of supervisory liability
                because it lacks sufficient factual
                allegations......................................13

i

2. The Corrections Defendants are
entitled to qualified immunity because
there are no cases clearly establishing
what supervisory procedures and
policies are sufficient..........................15

C.    Plaintiff's Complaint fails to state a
claim for a conspiracy to violate his
rights...........................................17

POINT II

PLAINTIFF'S COMPLAINT FAILS TO STATE A CLAIM
UNDER THE AMERICANS WITH DISABILITIES ACT OR
REHABILITATION ACT....................................17

POINT III

PLAINTIFF'S CLAIMS FOR DECLARATORY AND
INJUNCTIVE RELIEF SHOULD BE DISMISSED FOR
FAILURE TO STATE A CLAIM AND FAILURE TO
COMPLY WITH THE PLEADING REQUIREMENTS OF THE
PRISONER LITIGATION REFORM ACT........................19

POINT IV

PLAINTIFF'S CLAIMS FOR MONETARY DAMAGES
AGAINST THE STATE SHOULD BE DISMISSED
BECAUSE THEY ARE IMMUNE, AND BECAUSE THEY
ARE NOT "PERSONS" SUBJECT TO SUIT....................21

A.    The Correctional Defendants are immune
in their official capacities under the
Eleventh Amendment of the United States
Constitution....................................21

B.    The Correctional Defendants are not
"persons" subject to liability under 42
U.S.C. § 1983 in their official
capacity........................................23

CONCLUSION................................................24

**<u>TABLE OF AUTHORITIES</u>**

**<u>CASES</u>**

A.M. ex rel J.M.K. v. Luzerne Cnty. Juvenile Det. Ctr.,
  372 F.3d 572 (3d Cir. 2004)................................. 13

Alcon Labs., Inc. v. Cottrell,
  138 S. Ct. 2029 (2018)..................................... 3

Allah v. Ricci,
  532 F.App'x 48 (3d Cir. 2013).............................. 11

Argueta v. U.S. Immigration and Customs Enforcement,
  643 F.3d 60 (3d Cir. 2011)................................. 7

Ashcroft v. Iqbal,
  556 U.S. 662 (2009)..................................... 6, 7

Barkes v. First Correctional Medical, Inc.,
  766 F.3d 307 (3d Cir. 2014)................................ 14

Brandon v. Holt,
  469 U.S. 464 (1985)....................................... 25

Bryant v. Madigan,
  84 F.3d 246 (7th Cir. 1996)................................ 18

Burger v. Bloomberg,
  418 F.3d 882 (8th Cir. 2005)............................... 18

Carino v. Stefan,
  376 F.3d 156 (3d Cir. 2004)................................ 4

Carrion v. Wilkinson,
  309 F.Supp.2d 1007 (N.D. Ohio 2004)....................... 19

Carter v. City of Phila.,
  181 F.3d 339 (3d Cir. 1999)................................ 21

Chavarriaga v. New Jersey Dep't of Corr.,
  806 F.3d 210 (3d Cir. 2015)................................ 13

iii

Connelly v. Lane Const. Corp.,
  809 F.3d 780 (3d Cir. 2016)................................... 7

Cottrell v. Alcon Labs.,
  874 F.3d 154 (3d Cir. 2017)................................... 3

Docherty v. Cape May Cty.,
  No. CV 15-8785 (RMB), 2017 WL 3528979
  (D.N.J. Aug. 15, 2017)....................................... 15

Duran v. Merline,
  923 F.Supp. 2d 702 (D.N.J. 2013)............................. 11

Durham v. Dep't of Corr.,
  173 F.Appx. 154 (3d Cir. 2006)............................... 22

Endl v. New Jersey,
  5 F.Supp. 3d 689 (D.N.J. 2014)............................... 23

Evancho v. Fisher,
  423 F.3d 347 (3d Cir. 2005).................................. 14

Farmer v. Brennan,
  511 U.S. 825 (1994).......................................... 6

Fitchik v. N.J. Transit Rail Operations, Inc.,
  873 F.2d 655 (3d Cir. 1989).................................. 21

Fitzgerald v. Corr. Corp. of Am.,
  403 F.3d 1134 (10th Cir. 2005)............................... 18

Florer v. Bales-Johnson,
  752 F.Supp.2d 1185 (W.D. Wash.2010)
  aff'd 473 Fed.Appx. 651 (9th Cir.2012)....................... 10

Grant v. City of Pittsburgh,
  98 F.3d 116 (3d Cir.1996).................................... 5

Greene v. Cabral,
  No. CV 12-11685-DPW, 2015 WL 4270173
  (D. Mass. July 13, 2015)..................................... 10

Groh v. Ramirez,
  540 U.S. 551 (2004)........................................ 5, 7

Haybarger v. Lawrence County Adult Prob. & Parole,
  551 F.3d 193 (3d Cir. 2008)................................. 22

Helling v. McKinney,
  509 U.S. 25 (1993).......................................... 9

Hishon v. King & Spalding,
  467 U.S. 69 (1984).......................................... 4

Hudson v. McMillian,
  503 U.S. 1 (1992).......................................... 11

Hunter v. Passaic Cty. Jail,
  No. CV 18-8835 (MCA), 2018 WL 5980447
  (D.N.J. Nov. 14, 2018)..................................... 10

Ingris v. Borough of Caldwell,
  2015 WL 3613499 (D.N.J. June 9, 2015)....................... 8

J.D. Colonial Williamsburg Found.,
  925 F.3d 663 (4th Cir. 2019)............................... 20

J.M.K. v. Luzerne Cnty. Juvenile Det. Ctr.,
  372 F.3d 572 (3d Cir. 2004)................................ 15

Jillard v. Bayside State Prison,
  No. CV 16-4118, 2017 WL 878228
  (D.N.J. Mar. 6, 2017)...................................... 15

Kensu v. Rapelje,
  No. 12-11877, 2015 WL 5302816
  (E.D. Mich. Sept. 10, 2015)................................ 18

Kokinda v. Pennsylvania Dep't of Corr.,
  663 F. App'x 156 (3d Cir. 2016)........................ 17, 18

Koso v. Kozakiewicz,
  1 F.3d 176 (3d Cir. 1993)................................... 4

McKenna v. City of Philadelphia,
  582 F.3d 447 (3d Cir. 2009)................................ 13

Moore v. Cucchi,
  No. CIV. 09-2217, 2011 WL 4594907
  (D.N.J. Sept. 30, 2011)....................................... 9

Mora v. Camden Cty.,
  No. CIV.09-4183 (JBS), 2010 WL 2560680
  (D.N.J. June 21, 2010).............................. 9, 10, 12

Morse v. Lower Merion School District,
  132 F.3d 902 (3d Cir.1997)................................... 4

Nami v. Fauver,
  82 F.3d 63 (3d Cir. 1996).................................... 4

Nickles v. Taylor,
  No. 09-557, 2010 WL 1949447 (D.N.J. May 14, 2010);.......... 12

Pearson v. Callahan,
  555 U.S. 223 (2009).......................................... 5

Peñalbert-Rosa v. Fortuño-Burset,
  631 F.3d 592 (1st Cir. 2011)................................. 7

Sample v. Diecks,
  885 F.2d 1099 (3d Cir. 1999)................................ 14

Santiago v. Warminster Tp.,
  629 F.3d 121 (3d Cir. 2010).................................. 7

Sheeran v. Blyth Shipholding S.A.,
  2015 U.S. Dist. LEXIS 168019,
  2015 WL 9048979 (D.N.J. Dec. 16, 2015)....................... 8

Stevenson v. Pramstaller,
  No. 07- 14040, 2008 WL 5085145
  (E.D. Mich. Oct. 2, 2008)................................... 18

Taylor v. Barkes,
  135 U.S. 822 2042 (2015)............................... 15, 17

Whitaker v. New Jersey State Prison,
  No. 15-6744, 2016 WL 781897 (D.N.J. 2016)................... 23

vi

*Will v. Michigan Dep't of State Police*,
  491 U.S. 58 (1989)....................................... 24, 25

*Williams v. Gartrell*,
  No. 15-5609, 2015 WL 5110913 (D.N.J. 2015).................. 23

**RULES**

Fed. R. Civ. P. 12(b)(6)....................................... 3

**STATUTES**

18 U.S.C. § 3626.............................................. 21

28 U.S.C. § 1983.............................................. 8

48 U.S.C. § 1983......................................... PASSIM

**CONSTITUTIONAL PROVISIONS**

Eleventh Amendment....................................... PASSIM

## **PRELIMINARY STATEMENT**

Plaintiff Raymond Skelton is an inmate housed in South Woods State Prison in Bridgetown, New Jersey. Skelton brings suit against the New Jersey Department of Corrections ("DOC") and several of its employees to challenge the constitutionality of the prison diets, specifically for inmates with diabetes.

Skelton's claims fail for several reasons. Plaintiff's Complaint fails to state a claim – it is replete with conclusory allegations, and the facts properly pled do not establish involvement or a culpable state of mind of the individual defendants. Moreover, Plaintiff cannot overcome qualified immunity because it is not clearly established that Defendants' conduct violated his constitutional rights. Plaintiff's claims under the Americans with Disabilities Act and Rehabilitation Act also fail because the laws do not provide relief for the concerns he raises related to his diet. Plaintiff's requests for injunctive relief, as well as for damages against the DOC and defendants in their official capacity, also fail as a matter of law. For these reasons, the Corrections Defendants ask the court to grant their motion to dismiss as to each of Plaintiff's claims.

1

## PROCEDURAL HISTORY

Plaintiff filed his initial complaint as a purported class action on October 2, 2019. (Compl., ECF No. 1). On December 6, 2019, Defendants NJDOC, Hicks, and Johnson, requested additional time to answer, move, or reply. (Letter, ECF No. 6). This request was granted on December 9, 2019. (ECF No. 7).

On January 28, 2020, Defendants filed a letter requesting that this Court schedule a pre-motion conference pursuant to the Court's Individual Procedure Requirements. (ECF No. 9). Plaintiff responded to the letter on February 18, 2020. (ECF No. 11). Thereafter, the Court entered an order permitting the Defendants to proceed with filing their proposed motion. (ECF No. 13).

## STATEMENT OF FACTS

Plaintiff's Complaint alleges Defendants New Jersey Department of Corrections ("DOC"), Hicks, and Powell (the "Corrections Defendants") fail to provide him with a proper diet given his diabetes diagnosis. See Compl., ECF No. 1, ¶ 24. He claims that he, as well as the proposed class-members, are not provided with a diet that is adequate to sustain normal health. Id., ¶¶ 9, 41, 105. Plaintiff contends that the diet has led to a substantial increase in conditions such as diabetes, heart disease, weakened immune systems, high blood pressure, and other conditions. Id., ¶¶ 10, 15, 23.

2

Plaintiff alleges several deficiencies in his inmate diet. Since 2010, Plaintiff claims the Corrections Defendants have essentially removed all healthy and mandated foods from inmate diets. <u>Id.</u>, ¶¶ 11, 18-19. He claims the diet is deficient in calories, nutrients, vitamins, Flavonooids, Carotenoids, Terpenoids, Lutein, Lycopene, and many other compounds. <u>Id.</u>, ¶¶ 55-58.

Plaintiff also makes several conclusory allegations that the Corrections Defendants engaged in a conspiracy to harm the class members. He asserts that the Corrections Defendants willfully engaged in a conspiracy to violate the rights of the class members. <u>Id.</u>, ¶¶ 42, 141-145. This includes a conspiracy to "short" the DOC menus by serving less than the already insufficient amounts offered, and by creating fraudulent menus. <u>Id.</u>, ¶¶ 74-85. Defendants now move for the dismissal of each of Plaintiff's claims.

## <u>STANDARD OF REVIEW</u>

<u>Fed. R. Civ. P.</u> 12(b)(6) governs a dismissal for failure to state a claim for relief. <u>E.g.</u>, <u>Cottrell v. Alcon Labs.</u>, 874 F.3d 154, 170 (3d Cir. 2017), <u>cert. denied sub nom. Alcon Labs., Inc. v. Cottrell</u>, 138 S. Ct. 2029 (2018). For the purposes of a motion to dismiss under <u>Fed. R. Civ. P.</u> 12(b)(6), courts accept all of the factual allegations contained in the complaint as true, as

3

well as any reasonable inferences that can be drawn from those allegations.  E.g., <u>Carino v. Stefan</u>, 376 F.3d 156, 159 (3d Cir. 2004); <u>Nami v. Fauver</u>, 82 F.3d 63, 65 (3d Cir. 1996)).  While a court will accept well-pled allegations as true for the purposes of the motion, it will not accept bald assertions, unsupported conclusions, unwarranted inferences, or sweeping legal conclusions cast in the form of factual allegations. E.g., <u>Morse v. Lower Merion School District</u>, 132 F.3d 902, 906 (3d Cir.1997).  After considering the factual allegations of the pleadings, a court determines whether the alleged facts, even if true, fail to support the claim.  <u>Koso v. Kozakiewicz</u>, 1 F.3d 176, 183 (3d Cir. 1993). Dismissal is appropriate when "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations...." <u>Hishon v. King & Spalding</u>, 467 U.S. 69, 73 (1984).

<u>**ARGUMENT**</u>

**POINT I**

**PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED BECAUSE PLAINTIFF FAILS TO STATE A CLAIM AND THE CORRECTIONS DEFENDANTS ARE ENTITLED TO <u>QUALIFIED IMMUNITY.</u>**

Plaintiff's Complaint should be dismissed because Plaintiff's factual allegations are insufficient to give rise to a claim. Moreover, the Corrections Defendants are entitled to qualified

4

immunity because Plaintiff has not pled that Defendants violated a constitutional right and also cannot show any established rights were "clearly established."

Public officials are entitled to qualified immunity from monetary liability unless reasonable public officials in their position would know the specific conduct violated clearly established rights. Grant v. City of Pittsburgh, 98 F.3d 116, 121 (3d Cir.1996); see Pearson v. Callahan, 555 U.S. 223, 231 (2009). This immunity balances the need to hold officials accountable for irresponsible exercise of power, with the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably. Id.   Qualified immunity applies regardless of whether the government official's error is "a mistake of law, a mistake of fact, or a mistake based on mixed questions of law and fact." Id. (quoting Groh v. Ramirez, 540 U.S. 551, 567 (2004) (KENNEDY, J., dissenting).   To determine whether qualified immunity applies, Courts engage in a two-step analysis.   Ibid., at 232.   The court must decide (1) whether the facts plaintiff has alleged or shown make out a violation of a constitutional right, and (2) whether the right at issue was "clearly established" at the time of defendant's alleged misconduct.   Ibid., at 232.

**A.   Plaintiff's  allegations  fail  to  state  an  Eighth Amendment  Claim,  and  even  if  they  did,  the  Corrections Defendants are entitled to qualified immunity.**

The Corrections Defendants are entitled to qualified immunity on Count II of Plaintiff's Complaint because Plaintiff does not adequately plead an Eighth Amendment violation, and also because the rights at issue were not clearly established.

**1.   Plaintiff's Complaint fails to state a violation of the Eighth Amendment because it lacks sufficient factual allegations.**

Plaintiff's  allegations  against  the  Corrections  Defendants are  insufficient  to  state  a  claim  under  the  Eighth  Amendment. Plaintiff's  allegations  are  largely  conclusory  or  not  directed  at the  Corrections  Defendants,  and  do  not  state  a  constitutional violation.

To  successfully  state  a  claim  for  violation  of  the  Eighth Amendment,  an  inmate  must  satisfy  both  objective  and  subjective requirements.   The  inmate  must  allege  a  deprivation  which  was "sufficiently  serious,"  and  that  in  their  actions  or  omissions, prison  officials  exhibited  "deliberate  indifference"  to  the inmate's health or safety. See Farmer v. Brennan, 511 U.S. 825, 834  (1994).   Respondeat  superior  and  vicarious  liability  do  not provide a basis for liability for claims brought under 42 U.S.C. § 1983.  Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009) ("Government

6

officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior.").

In reviewing the sufficiency of a complaint, a court must first identify the legal elements required to state a cognizable claim. Argueta v. U.S. Immigration and Customs Enforcement, 643 F.3d 60, 74 (3d Cir. 2011) (citing Iqbal, 129 S.Ct. at 1950, Santiago v. Warminster Tp., 629 F.3d 121, 129-30 (3d Cir. 2010.) Second, the court should identify allegations that are no more than conclusions that are not entitled to an assumption of truth. Id. At the second step of reviewing the sufficiency of a complaint, courts must identify allegations that are only legal conclusions and not entitled to the presumption of truth. Connelly v. Lane Const. Corp., 809 F.3d 780, 789 (3d Cir. 2016). "[T]he clearest indication that an allegation is conclusory and unworthy of weight in analyzing the sufficiency of a complaint is that it embodies a legal point." Id. at 790 (citing Peñalbert-Rosa v. Fortuño-Burset, 631 F.3d 592, 595 (1st Cir. 2011) (citation and internal quotation marks omitted).

Here, Plaintiff's allegations as to the Corrections Defendants are too sparse or entirely conclusory, and thus fail to state a claim. After identifying Hicks and Powell as parties, their names only appear in the complaint once more, to identify them as "Individual Defendants." See Plaintiff's Complaint, ¶¶

7

27-28, 35.   Plaintiff's allegations against these individual defendants are conclusory, and fail to plead facts that would support a claim.  See id.  Plaintiffs' use of phrases such as that the Defendant(s) acted "willful[ly]," "was aware," acted to "knowingly and deliberately violate" rights, were "acting in concert with each other," "conspired," acted "with deliberate indifference," and acted "with full knowledge and acquiescence" are merely conclusory statements.  See id.  Plaintiff does not plead facts supporting the conclusion that Defendants Hicks or Powell had personal involvement.

To the extent that Plaintiff could argue his factual allegations lodged against the unspecified "Defendants" applies to Hicks and Powell, the complaint should be dismissed as improper group pleading that fails to put the Corrections Defendants on notice of what their alleged involvement is in his claims.  See Sheeran v. Blyth Shipholding S.A., 2015 U.S. Dist. LEXIS 168019, at *8, 2015 WL 9048979 (D.N.J. Dec. 16, 2015) (citing Ingris v. Borough of Caldwell, 2015 WL 3613499, at *5 (D.N.J. June 9, 2015). Defendant Hicks and Powell are pled as the administrator and commissioner of the DOC – it is not reasonable to infer that these high-level officials would be included in Plaintiff's allegations as to the preparation of meals or preparation of menus.  While Plaintiffs allege that the Defendants were deliberately

8

indifferent, they do not set forth more than conclusory statements that the Defendants were subjectively aware and failed to respond. Accordingly, Plaintiff fails to allege that the Defendants violated his rights or had a sufficiently culpable state of mind to give rise to a claim.

Moreover, even if Plaintiff's allegations were construed against the Corrections Defendants, they fail to state a claim because they do not overcome the Eighth Amendment's objective pleading requirements. See Helling v. McKinney, 509 U.S. 25, 32 (1993); see also Moore v. Cucchi, No. CIV. 09-2217, 2011 WL 4594907, at *6 (D.N.J. Sept. 30, 2011) (plaintiff's allegations that vegetarian diet which was nutritionally inadequate with respect to calories, protein, calcium, iron and vitamin B-12 causing him to lose almost 70 pounds failed to meet objective component); Mora v. Camden Cty., No. CIV.09-4183 (JBS), 2010 WL 2560680, at *9 (D.N.J. June 21, 2010). In Mora, plaintiff-inmates alleged their diet was nutritionally inadequate with respect to calories and protein. Ibid. The Mora plaintiffs claimed they had suffered diminished mental and physical faculties, could not perform usual human functions, and were forced to endure a diminished resistance to fatigue and illness. Ibid. However, the court dismissed the complaint, concluding the allegations were too conclusory to show the deprivation of adequate nutrition had a

sufficiently serious effect on their health to satisfy the objective component of the conditions of confinement claim under the Iqbal pleading standard.  Ibid.  Here, as in Mora, plaintiff's allegations that food items were removed from the diet, or that calories and proteins were insufficient, fail to state a claim and should be dismissed.

Similarly, to the extent cases in this and other circuits have discussed nutrition, they have rejected Plaintiff's argument for adherence to a nutritional guideline.  See Greene v. Cabral, No. CV 12-11685-DPW, 2015 WL 4270173, at *6 (D. Mass. July 13, 2015) (citing Florer v. Bales-Johnson, 752 F.Supp.2d 1185, 1200 (W.D. Wash.2010) aff'd 473 Fed.Appx. 651 (9th Cir.2012)).  In Florer, the court rejected a prisoner's argument that the prison menu must comply with USDA nutritional guidelines.  See ibid.  The court reasoned that the nutritional guidelines were not an independent constitutional requirement, and the Ninth Circuit affirmed.  See ibid.  As in Greene, Plaintiff's references to the American Medical Association, National Institute for Health, American Cancer Society, and the food pyramid are irrelevant – these standards are not constitutional standards, and his pleading is insufficient.  Similarly, Plaintiff's allegations that Defendants "shorted" the diet fail to give rise to a claim.  See Hunter v. Passaic Cty. Jail, No. CV 18-8835 (MCA), 2018 WL 5980447,

10

at *4 (D.N.J. Nov. 14, 2018) (plaintiff failed to state a claim when he attached a "false menu" when he did not provide facts showing failure to follow the menu violated his right to adequate nutrition); Duran v. Merline, 923 F. Supp. 2d 702, 719 (D.N.J. 2013) (plaintiff's claim failed despite testimony that plaintiff believed the food he was served was diluted with water).

For the foregoing reasons, the Court should dismiss Count II of Plaintiff's complaint for failure to state a claim against the Corrections Defendants.

>     **2.    There is no law clearly establishing that the diets described by the Plaintiff violate his constitutional rights.**

Here, the Correctional Defendants are also entitled to qualified immunity because they were government officials whose alleged conduct did not violate clearly established statutory or constitutional rights of which a reasonable person would have known.  See Allah v. Ricci, 532 F.App'x 48, 51 (3d Cir. 2013); Hudson v. McMillian, 503 U.S. 1, 20 (1992) (noting the Eighth Amendment "plays a very limited role in regulating prison administration").

While inmates are entitled to nutritionally adequate food, there is no law clearly establishing that the diet alleged by Plaintiff violates the constitution.  Plaintiff's complaint contains allegations including the removal of healthy fruits and

11

vegetables, replacement of meats with artificial substitutes, removal of proteins from breakfast meals, and removal of tea. See Plaintiff's Complaint, ¶¶ 16-23. However, case law does not require the provision of fruits and vegetables, lean meats, proteins at breakfast, or the provision of tea. To the contrary, courts in this circuit have held that meals lacking in heat and variety, do not violate the constitution. See Nickles v. Taylor, No. 09-557, 2010 WL 1949447, at *5 (D.N.J. May 14, 2010); Hunter v. Passaic Cty. Jail, No. CV 18-8835 (MCA), 2018 WL 5980447, at *3 (D.N.J. Nov. 14, 2018). Likewise, inmates' allegations that their diet was nutritionally inadequate with respect to calories and protein and diminished their resistance to fatigue and illness have been dismissed. Mora v. Camden Cty., No. CIV.09-4183 (JBS), 2010 WL 2560680, at *9 (D.N.J. June 21, 2010).

Further, cases in this and other circuits have rejected construing Plaintiff's claims as constitutional violations. As discussed above, courts have not found constitutional violations when prisons do not follow nutritional guidelines, provide false menus, or short diets. See supra, p. 10-11. Given the express rejections of Plaintiff's underlying claims, Plaintiff can hardly establish that the alleged conduct is clearly established enough to overcome qualified immunity. Thus, the Court should find that, because law does not clearly establish Plaintiff's alleged conduct

12

is a constitutional violation, the Corrections Defendants are entitled to qualified immunity.

**B. Plaintiff's allegations fail to state a supervisory liability claim, and even if they did, the Corrections Defendants are entitled to qualified immunity.**

The Corrections Defendants are entitled to qualified immunity on Count III of Plaintiff's Complaint because Plaintiff does not adequately plead a supervisory liability claim, and because the rights at issue were not clearly established.

**1.   Plaintiff's Complaint fails to state a claim of supervisory liability because it lacks sufficient factual allegations.**

Plaintiff's Complaint fails to state a supervisory liability claim against the Corrections Defendants because it does not plead sufficient personal involvement, knowledge, or acquiescence.

A supervisor may be held liable under 42 U.S.C. § 1983 if that supervisor was "involved personally, meaning through personal direction or actual knowledge and acquiescence, in the wrongs alleged." <u>E.g.</u>, <u>McKenna v. City of Philadelphia</u>, 582 F.3d 447, 460 (3d Cir. 2009); <u>see also</u> <u>Chavarriaga v. New Jersey Dep't of Corr.</u>, 806 F.3d 210, 229 (3d Cir. 2015); <u>A.M. ex rel J.M.K. v. Luzerne Cnty. Juvenile Det. Ctr.</u>, 372 F.3d 572, 586 (3d Cir. 2004) ("A supervisor may be personally liable ... if he or she participated in violating the plaintiff's rights, directed others to violate them, or, as the person in charge, had knowledge of and acquiesced

13

in his subordinates' violations."). To sufficiently allege knowledge and acquiescence, a Plaintiff must provide facts suggesting that the Defendant supervisor had contemporaneous, personal knowledge of the alleged violation and acquiesced in it. E.g., Evancho v. Fisher, 423 F.3d 347, 353 (3d Cir. 2005). For a failure to supervise claim, a "plaintiff must identify a supervisory policy or practice that the supervisor failed to employ, and then prove that: (1) the policy or procedures in effect at the time of the alleged injury created an unreasonable risk of a constitutional violation; (2) the defendant-official was aware that the policy created an unreasonable risk; (3) the defendant was indifferent to that risk; and (4) the constitutional injury was caused by the failure to implement the supervisory practice or procedure." Barkes v. First Correctional Medical, Inc., 766 F.3d 307, 317 (3d Cir. 2014), overruled on other grounds by Taylor v. Barkes, 135 S. Ct. 2042 (2015)); Sample v. Diecks, 885 F.2d 1099, 1118 (3d Cir. 1999).

Here, Plaintiff's Complaint fails to state a claim of supervisory liability to ground a § 1983 claim. Plaintiff's Complaint does not identify a specific practice or procedure that the Corrections Defendants failed to employ. See Plaintiff's Complaint. Just as no practice is alleged, the Complaint also fails to plead facts showing that, without the specific practice

14

or procedure, an unreasonable risk of the constitutional violation existed.   See ibid.   Moreover, Plaintiff does not plead facts showing that the Corrections Defendants was aware that an unreasonable risk existed, were indifferent to that risk, or that it resulted in a constitutional violation.   See ibid.

Further, as is discussed above, Plaintiff's complaint contains many conclusory allegations that the Defendants had knowledge, but fails to allege supporting facts.   Plaintiff's limited conclusory allegations that the Corrections Defendants were administrators does not ground his claims.   See also Docherty v. Cape May Cty., No. CV 15-8785 (RMB), 2017 WL 3528979, at *4 (D.N.J. Aug. 15, 2017); Jillard v. Bayside State Prison, No. CV 16-4118, 2017 WL 878228, at *4 (D.N.J. Mar. 6, 2017).   Accordingly, Plaintiff's claims against the Corrections Defendants under a supervisory theory should be dismissed.

> ### 2. The Corrections Defendants are entitled to qualified immunity because there are no cases clearly establishing what supervisory procedures and policies are sufficient.

The Corrections Defendants are entitled to qualified immunity because there is no clearly established precedent setting forth sufficient supervisory policies and procedures.

To overcome qualified immunity on a supervisory liability claim, a Plaintiff must identify clear precedent identifying

procedures that would suffice to meet the constitutional requirements.  See Taylor v. Barkes, 575 U.S. 822 (2015).  In Taylor, following an inmate's suicide, his family members advanced claims that the defendants, correctional employees, failed to supervise and monitor contractors providing medical treatment. Ibid.  The Supreme Court, reversing the Third Circuit, granted qualified immunity to the defendants because the law was not clearly established.  Ibid.  Specifically, the Supreme Court implied that precedent needed to identify procedures that would suffice:

> The first [case], Colburn I, said that if officials "know or should know of the particular vulnerability to suicide of an inmate," they have an obligation "not to act with reckless indifference to that vulnerability." **The decision did not say, however, that detention facilities must implement procedures to identify such vulnerable inmates, let alone specify what procedures would suffice.**
>
> . . .
>
> Nor would Colburn II have put petitioners on notice of any possible constitutional violation. Colburn II . . . **did not identify any minimum screening procedures or prevention protocols that facilities must use.** In fact, Colburn II revealed that the booking process of the jail at issue "include[d] no formal physical or mental health screening," and yet the Third Circuit ruled for the defendants on all claims.

Ibid.  (internal citations omitted) (emphasis added).  Here, even
if the court were to accept Plaintiff's argument that the prison
menu is insufficient, there is no clearly established precedent
setting forth what standard would be applicable to the supervision
of the prison diet.  Because there is no clearly established
precedent, the court should find the Defendants are entitled to
qualified immunity.

### C. Plaintiff's Complaint fails to state a claim for a conspiracy to violate his rights.

As discussed above, Plaintiff has failed to sufficiently
plead a constitutional violation.  Thus, Count IV of Plaintiff's
complaint should be dismissed because he identifies no underlying
constitutional right implicated by a conspiracy to violate his
rights.

**POINT II**

### PLAINTIFF'S COMPLAINT FAILS TO STATE A CLAIM UNDER THE AMERICANS WITH DISABILITIES ACT OR REHABILITATION ACT.

Counts Five and Six of Plaintiff's Complaint should be
dismissed with prejudice because neither the Americans with
Disabilities Act ("ADA"), nor the Rehabilitation Act ("RA"),
provide a cause of action for his claims.

The Third Circuit has dismissed claims advanced under the ADA
based on diet.  See Kokinda v. Pennsylvania Dep't of Corr., 663 F.

17

App'x 156, 159 (3d Cir. 2016); <u>Kokinda v. Pennsylvania Dep't of Corr.</u>, No. 18-3742, 2020 WL 639247 (3d Cir. Feb. 11, 2020).  In the <u>Kokinda</u>, cases, an inmate sued the Department of Corrections and claimed that the prison provided him a diet containing soy, despite knowing he was allergic to soy.  <u>Ibid.</u>  The Third Circuit affirmed dismissal of the inmate's claims, reasoning that Plaintiff's ADA claims failed because the ADA prohibits disability-based discrimination, "not inadequate treatment for the disability."  <u>Id.</u>, 159.

Several other circuit and district courts have adopted a similar approach to ADA and RA claims.  <u>See</u>, <u>e.g.</u>, <u>Bryant v. Madigan</u>, 84 F.3d 246, 249 (7th Cir. 1996) (ADA is not violated by a prison's failure to address the medical needs of its disabled prisoners, and the statute "does not create a remedy for medical malpractice"); <u>Burger v. Bloomberg</u>, 418 F.3d 882, 883 (8th Cir. 2005) (holding that an RA and/or an ADA claims cannot be based on medical treatment decisions); <u>Fitzgerald v. Corr. Corp. of Am.</u>, 403 F.3d 1134, 1144 (10th Cir. 2005) (inmate's claims under RA and ADA were properly dismissed for failure to state claim when they were based on decisions related to medical condition); <u>Kensu v. Rapelje</u>, No. 12-11877, 2015 WL 5302816, at *4 (E.D. Mich. Sept. 10, 2015) (ADA does not provide relief for relief as to dietary accommodation); <u>Stevenson v. Pramstaller</u>, No. 07- 14040, 2008 WL

5085145, at *3 (E.D. Mich. Oct. 2, 2008) <u>report and recommendation adopted</u>, No. 07-14040, 2009 WL 804748 (E.D. Mich. Mar. 24, 2009); <u>Carrion v. Wilkinson</u>, 309 F.Supp.2d 1007, 1016 (N.D. Ohio 2004) (dismissing claims that prisoner with diabetes was denied medical treatment — a proper diet — because ADA and Rehabilitation Act were not intended to cover claim); <u>but see</u> <u>J.D. Colonial Williamsburg Found.</u>, 925 F.3d 663, 671 (4th Cir. 2019) (stating in dicta that court must "permit those who are disabled because of severe dietary restriction to enjoy the protections of the ADA").

Here, the court should adopt the approaches advanced by the Third Circuit in <u>Kokinda</u>, as well as cases from the Seventh and Eighth Circuits, to conclude that the ADA and RA fail to give rise to a claim.

### POINT III

**PLAINTIFF'S CLAIMS FOR DECLARATORY AND INJUNCTIVE RELIEF SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM AND FAILURE TO COMPLY WITH THE PLEADING REQUIREMENTS OF THE PRISONER LITIGATION REFORM ACT**

Plaintiff's claims for declaratory and injunctive relief should be dismissed because, as is discussed above, Plaintiff has failed to state a claim for which relief may be granted. Further, Plaintiff has failed to comply with the pleading requirements of the Prison Litigation Reform Act ("PLRA").

The PLRA requires that that prospective relief in a civil action be narrowly tailored, extending no further than necessary to correct a violation.   18 U.S.C. § 3626.   Here, Plaintiff's Complaint seeks broad and vague injunctive relief which is unsupported by law.   See Plaintiff's Complaint, ¶¶ 157.   Plaintiff seeks injunctive relief including ordering the DOC to provide meals "containing all those foods and substances considered to be essential to human health and significantly reducing or removing those foods and substances understood to be harmful to human health," a standard not found in legal precedent.   Ibid.   Plaintiff asks the Court to order the DOC to make "fair-market priced, healthy food choices to include low-sodium, low-fat, high-fiber and low or no sugar-containing foods" in its prisoner stores, and "healthy choice options" in its meal halls.   Ibid.   Put simply, the requested injunctive relief violates the PLRA because it would extend far beyond the dietary requirements.   Because Plaintiff's injunctive relief is impermissible under the PLRA, the Court should dismiss Plaintiff's complaint to the extent it seeks injunctive relief.

## POINT IV

**PLAINTIFF'S CLAIMS FOR MONETARY DAMAGES AGAINST THE STATE SHOULD BE DISMISSED BECAUSE THEY ARE IMMUNE, AND BECAUSE THEY ARE NOT "PERSONS" SUBJECT TO SUIT.**

Plaintiff's claims against the New Jersey Department of Corrections, as well as against Hicks and Powell in their official capacities, should be dismissed with prejudice to the extent it seeks monetary damages because the Defendants are immune and because they are not "persons" under 42 U.S.C. § 1983.

**A.   The Correctional Defendants are immune in their official capacities under the Eleventh Amendment of the United States Constitution.**

Defendant New Jersey Department of Corrections is immune to suit under the Eleventh Amendment of the United States Constitution, and this immunity is shared by Defendants Powell and Hicks in their official capacities.   The Eleventh Amendment provides:

> the judicial power of the United States shall not be construed to extend to any suit in law or equity commenced or prosecuted against one of the United States by citizens of any foreign state.

U.S. Const. amend. XI.  A suit is barred where "'even though the state is not named as a party to the action, ... the state is the real party-in-interest.'"  Carter v. City of Phila., 181 F.3d 339, 347 (3d Cir. 1999) (quoting Fitchik v. N.J. Transit Rail

21

Operations, Inc., 873 F.2d 655, 659 (3d Cir. 1989)) (emphasis added).   Eleventh Amendment immunity extends to State agencies, state departments, and state defendants in their official capacities.   E.g., Haybarger v. Lawrence County Adult Prob. & Parole, 551 F.3d 193, 198 (3d Cir. 2008).

Here, the Eleventh Amendment shields Defendant DOC from suit, and also Defendants Hicks and Powell in their official capacities. The State Department of Corrections is immune.   E.g., Durham v. Dep't of Corr., 173 F.Appx. 154, 156 (3d Cir. 2006); Whitaker v. New Jersey State Prison, No. 15-6744, 2016 WL 781897, at *2 n.2 (D.N.J. 2016) (Department of Corrections immune in § 1983 suit); Williams v. Gartrell, No. 15-5609, 2015 WL 5110913, at *2 n.2 (D.N.J. 2015) (same).   This protection extends to Defendants Hicks and Powell to the extent they have been sued in their official capacities.   E.g., Endl v. New Jersey, 5 F.Supp. 3d 689, 698 (D.N.J. 2014), citing Will v. Michigan Dep't of State Police, 491 U.S. 58, 59 (1989) ("[a] suit against state officials in their official capacities is not a suit against the officials but rather is a suit against the officials' offices and, thus, is no different from a suit against the State itself.").   Thus, Plaintiff's claims against the Corrections Defendants in their official capacities should be dismissed because they are immune.

Insofar as Plaintiff has asserted claims against the Defendants Hicks and Powell in their individual capacities, the Complaint fails to state a claim upon which relief can be granted for reasons discussed in subsection B, below. Accordingly, Plaintiff's claims against the Correctional Defendants should be dismissed with prejudice.

**B.    The Correctional Defendants are not "persons" subject to liability under 42 U.S.C. § 1983 in their official capacity.**

To the extent that Plaintiff's complaint states any claim under 42 U.S.C. § 1983, those claims should be dismissed against the DOC, and against Defendants Hicks and Powell in their official capacities because they are not "persons" subject to liability as defined by the statute.   The provision states:

> Every <u>person</u> who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress[.]

42 U.S.C. § 1983 (emphasis added).  A State, agency, or an official of the State acting in his or her official capacity, is not a "person" within the meaning of 42 U.S.C. § 1983.  <u>See</u> <u>Will v. Michigan Dep't of State Police</u>, 491 U.S. 58, 109 (1989).  While

23

Defendants Hicks and Powell are literal persons, Plaintiffs' claims against them in their official capacities are <u>not</u> suits against the official, but suits against their offices, and is therefore no different from a suit against the state itself. <u>Id.</u>, 491 U.S. 58, 71 (1989) (citing <u>Brandon v. Holt</u>, 469 U.S. 464, 471 (1985)). Therefore, Plaintiff's claims under 42 U.S.C. § 1983 should be dismissed against the DOC and Defendants Hicks and Powell in their official capacities because they are not "persons" subject to suit.

<u>**CONCLUSION**</u>

For the foregoing reasons, it is respectfully requested that the Court grant the Corrections Defendants' First Motion to Dismiss, and dismiss each of Plaintiff's claims.

Respectfully submitted,

GURBIR S. GREWAL
ATTORNEY GENERAL OF NEW JERSEY

By:   s/ Michael Vomacka
Michael Vomacka
Deputy Attorney General