

PHILIP D. MURPHY
*Governor*

SHEILA Y. OLIVER
*Lt. Governor*

# State of New Jersey
OFFICE OF THE ATTORNEY GENERAL
DEPARTMENT OF LAW AND PUBLIC SAFETY
DIVISION OF LAW
25 MARKET STREET
PO BOX 112
TRENTON, NJ 08625-0112

GURBIR S. GREWAL
*Attorney General*

MICHELLE L. MILLER
*Director*

April 9, 2020

**via CM/ECF electronic filing:**
Hon. Renee Marie Bumb, U.S.D.J.
Mitchell H. Cohen Building
   & U.S. Courthouse
4th & Cooper Streets
Camden, NJ 08101

> Re:  Skelton v. NJ Department of Corrections, et al.
>      Civil Docket No. 1:19-cv-18597-RMB-KMW

Dear Your Honor,

Undersigned counsel represents Defendants New Jersey Department of Corrections, Hicks, and Powell ("Corrections Defendants") in the above-captioned case. On March 6, 2020, Corrections Defendants filed a Motion to Dismiss Plaintiff's Complaint ("Defendants' Motion"). (ECF No. 14). Plaintiff filed an opposition to this Motion on March 23, 2020 ("Plaintiff's Opposition"). (ECF No. 15). The reply on this motion, initially due March 30, 2020, was extended by the New Jersey District Court's standing order 2020-04. See Standing Order 2020-04 (extending deadlines for forty-five days). Now,



HUGHES JUSTICE COMPLEX • TELEPHONE: (609) 376-3223 • FAX: (609) 777-3607
*New Jersey Is An Equal Opportunity Employer • Printed on Recycled Paper and Recyclable*

the Corrections Defendants respectfully ask this Court to accept this letter brief in further support of their Motion to Dismiss.

### POINT I

**PLAINTIFF'S COMPLAINT FAILS TO STATE AN EIGHTH AMENDMENT CLAIM.**

Plaintiff's Complaint and Opposition continue to make only conclusory assertions that fail to give rise to an Eighth Amendment claim.

Plaintiff's Complaint fails to properly plead facts that could support finding deliberate indifference. Plaintiff attempts to advance claims against Defendants Hicks and Powell, the Acting Commissioner and prison administrator. See Plaintiff's Complaint, ¶¶ 27-29. However, Plaintiff's Complaint does not contend that they enacted an inappropriate policy. Plaintiff's Complaint refers in passing to a Department of Corrections policy, FMP.002.MENU.001. See Plaintiff's Complaint, at ¶ 7. However, Plaintiff does not argue the identified policy is unconstitutional or deficient. See ibid. Indeed, Plaintiff does not even allege more than conclusory statements that either Defendant was aware of the policy, or that it was unconstitutional. See id. He does plead facts showing either Defendant was personally responsible for enacting or enforcing the policy. See id. He does not plead facts showing either Defendant was responsible for the training or

oversight of staff implementing the policy.  See id.  In short, Plaintiff's Complaint simply seeks to hold these Defendants responsible solely because they were in a supervisory role, and not for any conduct plead in the complaint.

Plaintiff's Opposition fails to provide any meaningful distinction between his allegations and those in Mora v. Camden Cty.  See Mora v. Camden Cty., No. CIV.09-4183 (JBS), 2010 WL 2560680 (D.N.J. June 21, 2010).  Plaintiff claims that his Complaint fares better than Mora because his complaint alleges "how [the diet] is insufficient nutritionally, how long the diet has been in place, and the harms they are likely to suffer as a result."  See Plaintiff's Opposition, at 10.  However, the complaint in Mora contained allegations similar to Plaintiff's as to how the diet was insufficient nutritionally, as well as to the defendants' alleged role:

> 3.6. The Menu requires that the defendants provide every inmate with both 3000 calories and 80 grams of protein daily, within a weekly time frame.  The defendants have failed and are failing to provide the inmate population with these two provisions...
>
> ...
>
> 3.8. It is the defendants (sic) custom, policy, and practice, on a weekly basis, to so widely deviate from the requirements of the Menu that the inmate population is being deprived of an adequate source of a meaningful supply of nutrition.  The defendants either knew or should have known

        that the requirements of the Menu were not being met.

See Mora v. Camden Cty., No. CIV.09-483 (JBS), Dkt. No. 1-1, at 4-5). The Complaint in Mora also contained explanation of harms suffered and likely to suffer in the future, and sought class certification and injunctive relief. See id. at 10-11 (seeking a judgment requiring provision of items such as coffee, salad dressing, vegetables, and other items). And, while Defendants acknowledged in their opposition that Mora did not specify the specific periods when the diet was allegedly deficient, plaintiff is incorrect in asserting Mora did not provide the length of time the diet was in place:

        3.1 In November 2007, Aramark proposed the Menu ... Subsequently, the proposed Menu was approved ... The Menu was implemented in January, 2008.

See Mora v. Camden Cty., No. CIV.09-483 (JBS), Dkt. No. 1-1, at 3). In short, Plaintiff's Opposition fails to distinguish Mora because it points to allegations common to both cases. If anything, Plaintiff's Opposition simply further highlights the similarities between the Mora and the instant case.

    Moreover, Plaintiffs' Opposition fails to even address the remaining cases cited in Defendant's Opposition. See Defendants' Opposition at 9-11 (discussing Moore v. Cucchi, Greene v. Cabral, Hunter v. Passaic Cty. Jail, and Duran v.

Merline). Plaintiff assumes the diet is insufficient and unconstitutional by alleging that it fails to comply with the several health standards. However, Plaintiff cannot identify any legal support suggesting a failure to comply with those standards violates the constitution. Plaintiff's allegations that the diet lacked certain vitamins or proteins simply fails to state a claim, which is why such claims have repeatedly been rejected. See Mora, supra at p. 3-4; Moore v. Cucchi, No. CIV. 09-2217, 2011 WL 4594907, at *6 (D.N.J. Sept. 30, 2011) (allegations that diet was nutritionally inadequate with respect to calories, protein, calcium, iron and vitamin B-12 failed to meet necessary objective component). Because Plaintiff's allegations fail to overcome the objective component, his complaint should be dismissed.

## POINT II

**DEFENDANTS ARE ENTITLED TO QUALIFIED IMMUNITY BECAUSE NO PRECEDENT CLEARLY ESTABLISHES THE CONSTITUTIONAL REQUIREMENTS FOR AN ADEQUATE DIET.**

Plaintiff's Opposition misunderstands the legal requirement that a right be "clearly established" to overcome qualified immunity. Defendants acknowledge a generalized right to a nutritionally adequate diet. However, this generalized proposition is insufficient because no law clearly establishes a right in the context of this case. No precedent clearly

establishes what the constitutional requirements are for a nutritionally adequate diet, and therefore Defendants are entitled to qualified immunity.

n determining qualified immunity, "the court must ask whether the right was clearly established 'in light of the specific context of the case, [and] not as a broad general proposition.'" Zaloga v. Borough of Moosic, 841 F.3d 170, 174 (3d Cir. 2016) (quoting Saucier v. Katz, 533 U.S. 194, 201 (2001)); see also Sharp v. Johnson, 669 F.3d 144, 15((3d Cir. 2012) (the court must define the right allegedly violated at the appropriate level of specificity). This specificity is important because it ensures reasonable officials understand what they are doing violates that right. See e.g., Mullenix v. Luna, 136 S. Ct. 305, 308 (2015). When the law does not put an officer on notice that conduct would be clearly unlawful, qualified immunity should be granted. Zaloga v. Borough of Moosic, 841 F.3d 170, 174 (3d Cir. 2016).

Here, the general proposition that inmates are entitled to a "nutritionally adequate" diet is insufficiently specific. Plaintiff's Complaint points to insufficient caloric intake as a grounds for constitutional violation. However, no precedent clearly establishes the caloric intake the constitution requires. To the contrary, complaints alleging insufficient

April 9, 2020
Page 7

caloric intake have been dismissed for failure to state a claim. See Moore v. Cucchi, No. CIV. 09-2217, 2011 WL 4594907, at *6 (D.N.J. Sept. 30, 2011); Mora v. Camden Cty., No. CIV.09-4183 (JBS), 2010 WL 2560680, at *9 (D.N.J. June 21, 2010). Likewise, Plaintiff's Complaint also argues that the diet fails to meet certain nutritional guidelines. Again, no precedent establishes that the constitution requires the inmate diet meet these guidelines. And, cases in other circuits have rejected arguments that prison diets must comply with USDA guidelines. See Florer v. Bales-Johnson, 752 F.Supp.2d 1185, 1200 (W.D. Wash.2010) aff'd 473 Fed.Appx. 651 (9th Cir.2012)).

Clearly established precedent is necessary for the prosecution of this case. As it stands, there is no clearly established legal standard for the Defendants to measure their prison diet against. No clearly established precedent indicates what number of calories is legally sufficient, what proteins are required, or what guidelines must be followed. If the Court permits Plaintiff's claim to proceed, the Defendants will have no legal precedent to act as a measuring stick. Even if Plaintiffs were to prevail, the Court would have no precedent clearly establishing what kind of diet to order: does a nutritionally adequate diet require carrots? Fish? Tea?

Lacking clear precedent, neither the Court nor the parties can determine when a diet is sufficient and when it is not.

Because the law does not clearly establish the constitution's dietary requirements specific to this kind of case, the Court should grant Defendants qualified immunity.

### POINT III

**PLAINTIFF PROVIDES NO SUPPORT THAT HIS CLAIMS UNDER THE AMERICANS WITH DISABILITIES ACT AND REHABILITATION ACT SHOULD PROCEED.**

Plaintiff's Opposition fails to identify even one case in the Third Circuit, or any other circuit, in which his dietary claims under the ADA and Rehabilitation Act survived a motion to dismiss. Plaintiff does not cite to, or even attempt to distinguish, the precedent cited by Defendants in this and other circuits dismissing claims under these acts based on diet. See Defendants' Opposition, at 17-19. Accordingly, the Court should dismiss these claims with prejudice for the reasons set forth in Defendants' Opposition.

### CONCLUSION

Based on the reasons set forth in their Motion to Dismiss and further expressed in this reply brief, the Defendants respectfully ask the Court to grant their Motion to Dismiss as to Plaintiff's claims.

April 9, 2020
Page 9

Respectfully submitted,

GURBIR S. GREWAL
ATTORNEY GENERAL OF NEW JERSEY

By:   s/ Michael Vomacka
　　　Michael Vomacka
　　　Deputy Attorney General

**cc via CM/ECF Filing:**
　　All counsel of record