Lento Law Group, P.C.
JOSEPH D. LENTO, ESQUIRE
Attorney ID: 013252008
3000 Atrium Way – Suite 200
Mount Laurel, New Jersey 08054
(T) (856) 652-2000
(F) (856) 375-1010
jdlento@lentolawgroup.com

Keith Altman (P81702) (*p.h.v.*)
516-456-5885
keithaltman@kaltmanlaw.com
33228 West 12 Mile Road, Suite 375
Farmington Hills, MI 48334
*Attorneys for Plaintiff and the Class*

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | |
|---|---|
| RAYMOND SKELTON on behalf of himself and all other similarly situated people | |
| *Plaintiffs*, | Hon. Renee Marie Bumb |
| v. | Magistrate Judge: Karen M. Williams |
| NEW JERSEY DEPARTMENT OF CORRECTIONS, et. al., | Case No. 1:19-cv-18597-RMB-KMW |
| *Defendants*. | |

### BRIEF IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT

iii

### A. Procedural History

Plaintiff commenced this action on October 2, 2019. (Dkt. No. 1). On March 3rd, 2020, Defendants filed a Motion to Dismiss. (Dkt. No. 14). On October 30th, 2020, This Honorable Court partially granted Defendant's Motion to dismiss, resulting in the dismissal of NJDOC as a Defendant. (Dkt. No. 22). On July 20th, 2021, this Honorable Court directed Plaintiff to file a motion to amend the complaint. (Dkt. No. 27).

### LEGAL STANDARD

Fed. R. Civ. 15(a)(2) provides that courts should "freely give leave" to the moving party to amend the complaint "when justice so requires." The Supreme Court has ruled that "the leave sought should, as the rules require, be 'freely given'" in the absence of undue delay, bad faith, dilatory motive, repeated failures to cure deficiencies, undue prejudice, or futility of amendment. *Foman v. Davis*, 371 U.S. 178, 182 (1962).

### ARGUMENT

**I. PLAINTIFF IS ENTITLED TO AMEND HIS COMPLAINT TO ADD AND REMOVE PARTIES AND TO ADD AND REMOVE COUNTS OF THE COMPLAINT**

Per the *Foman* court, six factors are considered in determining whether this Motion should be granted: the delay in filing, dilatory motive by moving party, bad faith by the moving party, repeated failure to cure deficiencies by previous

1

amendments, undue prejudice to the opposing party, and futility of amendment. *Id.* As will be shown below, none of these six factors apply to the instant case.

### a. There was no undue delay in filing the proposed amended complaint.

The filing of the proposed amended complaint in the instant case was undertaken pursuant to an order of this Honorable Court. (Dkt. No. 27). This Honorable Court ordered that Plaintiff file a motion for leave to amend the complaint (including a proposed amended complaint), within 30 days of July 20th, 2021. *Id.* Plaintiff has filed the present motion and proposed amended complaint within the time limitations prescribed by this Honorable Court. There is therefore no undue delay in filing the proposed amended complaint in the instant case.

### b. Dilatory motive by the moving party.

The filing of the proposed amended complaint in the instant case was undertaken pursuant to an order of this Honorable Court. (Dkt. No. 27). This proposed amended complaint is not filed purely on Plaintiff's own initiative; therefore, it would be unwarranted to attribute any dilatory motive to Plaintiff based on the present filing. Because Plaintiff files the proposed amended complaint pursuant to an order from this Honorable Court, the filing of the proposed amended complaint is not made from any dilatory motive on the part of the Plaintiff.

**c. Bad faith by the moving party.**

A review of the filings and the discovery that has taken place thus far demonstrates that there is no bad faith here by the plaintiff. Should bad faith be raised in a Response to this Motion, Plaintiff will reply accordingly.

**d. Repeated failure to cure deficiencies by previous amendments.**

There are no previous amended complaints in the instant case.

**e. Undue prejudice to the opposing party.**

Although Defendants have previously raised the issue of delay in prosecution (Dkt. No. 26) generally, Defendants have not raised the issue specifically in connection with the present motion and proposed amended complaint. Should undue prejudice be raised in a Response to this Motion, Plaintiff will reply accordingly.

**f. Futility of amendment.**

A review of the proposed first amended complaint reveals that it would survive a 12(b)(6) motion. The facts are pleaded with sufficient particularity that Plaintiff has stated a claim for each count as to each defendant.

## CONCLUSION

In view of the foregoing, plaintiffs respectfully request that this Court grant their motion to amend the complaint.

|  |  |
|---|---|
| Dated: August 19th, 2021 | Respectfully Submitted,<br><br>LENTO LAW GROUP<br><br>*[signature: Joseph D. Lento]*<br>_____<br>Joseph Lento, Esq.<br>3000 Atrium Way – Suite 200<br>Mount Laurel, New Jersey 08054<br>(T) (856) 652-2000<br>jdlento@lentolawgroup.com<br><br>*/S/ Keith Altman*_____<br>Keith Altman, Esq. (P81702) (*p.h.v.*)<br>516-456-5885<br>keithaltman@kaltmanlaw.com<br>33228 W. 12 Mile Rd., Ste. 375<br>Farmington Hills, MI 48334<br>*Attorneys for Plaintiff and the Class* |