NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| RAYMOND SKELTON on behalf of himself and all other similarly situated persons, | CIV. NO. 19-18597 (RMB/KMW) |
| Plaintiff | |
| v. | **MEMORANDUM AND ORDER** |
| NEW JERSEY DEP'T OF CORR., *et al.*, | |
| Defendants | |

Joseph D. Lento
Lento Law Group, P.C.
3000 Atrium Way
Suite 200
MT. Laurel, N.J. 08054

Keith Altman, Esq.
EXCOLO Law PLLC
26700 Lahser Road, Suite 401
Southfield, MI 48033
    Attorneys for Plaintiff

Daniel S. Shehata, Deputy Attorney General
Michael Ezra Vomacka, Deputy Attorney General
New Jersey Office of the Attorney General
Richard J. Hughes Justice Complex
25 Market St, P.O. Box 112
Trenton, NJ 08625
    Attorneys for Defendants

**BUMB**, United States District Judge

This matter comes before the Court upon Plaintiffs' First Motion for Leave to File Amended Complaint. ("Mot. to Amend") (Dkt.

No. 30.) Defendants New Jersey Department of Corrections, Marcus O. Hicks and John Powell (the "NJDOC Defendants") filed an informal response to the motion to amend, taking no position on whether the motion should be granted, but noting this Court granted their motion to dismiss and the proposed amended complaint does not seek to reinstate them as defendants. (Letter Response, Dkt. No. 31.)

For the reasons discussed below, the Court will grant Plaintiffs' motion to file an amended complaint.

I. BACKGROUND

Plaintiff filed his initial complaint as a putative class action on October 2, 2019. (Compl., Dkt. No. 1.) On October 30, 2020, this Court granted NJDOC Defendants' motion to dismiss but granted leave to file an amended complaint. (Opinion, Dkt. No., 21; Order, Dkt. No. 22.) On June 5, 2021, this Court ordered Plaintiffs to show cause why this action should not be dismissed for failure to prosecute. (Order, Dkt. No. 23.) Counsel for Plaintiffs responded, and this Court directed Plaintiffs to file a motion to amend the complaint within 30 days, and Plaintiffs complied. (Response to Order to Show Cause, Dkt. No. 25, Mot. to Amend, Dkt. No. 30.)

II. DISCUSSION

A. Standard of Review

Leave to amend a complaint "'shall be freely given when justice so requires.'" Arthur v. Maersk, Inc., 434 F.3d 196, 202

2

(3d Cir. 2006) (quoting Fed. R. Civ. P. 15(a)). Factors that may justify denial of leave to amend are undue delay, bad faith, and futility, with prejudice to the nonmoving party as the touchstone for denial. Id. at 204 (citations omitted).

    B.   The Proposed Amended Complaint

Plaintiffs' proposed amended complaint deletes the claims against the NJDOC and Administrators Marcus O. Hicks and John Powell. The remaining allegations are made against John Doe Defendants who are alleged to have personal involvement in designing, preparing and serving nutritionally inadequate food to Plaintiff and the putative class.

    C.   Analysis

Plaintiffs filed their motion for leave to amend the complaint within the 30 day period provided by this Court's Order dated July 20, 2021. (Dkt. No. 27.) There does not appear to be any bad faith on Plaintiffs part in bringing a motion to amend. The John Doe Defendants have not yet been identified or served with the original complaint. They are not prejudiced by bringing the same claims in an amended complaint without the NJDOC Defendants. Therefore, the motion should be granted unless the claims are futile. "An amendment is futile if the amended complaint would not survive a motion to dismiss for failure to state a claim upon which relief could be granted." Alvin v. Suzuki, 227 F.3d 107, 121 (3d Cir. 2000) (citing Smith v. NCAA, 139 F.3d 180, 190 (3d Cir. 1998),

3

rev'd on other grounds, 525 U.S. 459 (1999)). "[I]n determining futility, the Court must 'accept all factual allegations as true, construe the [proposed amended] complaint in the light most favorable to the plaintiff[s], and determine, whether under any reasonable reading of the [proposed amended] complaint, the plaintiff[s] may be entitled to relief.'" Matthews v. New Jersey Inst. of Tech., 717 F. Supp. 2d 447, 451 (D.N.J. 2010) (quoting Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008)). Under this liberal pleading standard, the claims in Plaintiff's proposed amended complaint are not futile. Therefore, the Court will grant Plaintiffs' motion for leave to file the proposed amended complaint.

**IT IS** therefore on this **27th day of October 2021**,

**ORDERED** that Plaintiffs' First Motion for Leave to File Amended Complaint is **GRANTED** (Dkt. No. 30.), and it is further

**ORDERED** that the Clerk shall file Plaintiffs' proposed amended complaint (Dkt. No. 30-2) as the amended complaint in this matter.

> s/Renée Marie Bumb
> **RENÉE MARIE BUMB**
> **United States District Judge**