[ECF No. 64]

**THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE**

---

**RAYMOND SKELTON,**

　　　　　　**Plaintiff,**

　　**v.**

**NEW JERSEY DEPARTMENT OF
CORRECTIONS et al.,**

　　　　　　**Defendants.**

---

**Civil No. 19-18597 (RMB/SAK)**

---

## OPINION AND ORDER

This matter is before the Court on the motion of Plaintiff Raymond Skelton [ECF No. 64] seeking an Order allowing service of process upon Defendants Jamil Howard and Candice Myers by alternative means.  No opposition has been filed.  The Court exercises its discretion to decide the motion without oral argument. *See* FED. R. CIV. P. 78; L. CIV. R. 78.1.  For the reasons to be discussed, Plaintiff's motion is **GRANTED**.

## I.　BACKGROUND

Since the Court writes primarily for the benefit of the parties, only the most salient points will be set forth herein.  On December 15, 2022, Plaintiff filed his Second Amended Class Action Complaint ("SAC") [ECF No. 44] naming seventeen new individual defendants.[1]  To date, service

---

[1] Plaintiff's initial complaint asserted claims against the New Jersey Department of Corrections ("NJ DOC"), the Acting Commissioner of the NJ DOC, and the Administrator of South Woods State Prison, in addition to several hundred fictitious "Does." *See* Compl. [ECF No. 1].  Plaintiff's first amended complaint only named the fictitious Doe defendants. *See* Am. Compl. [ECF No. 33].  Of the eighteen defendants named in Plaintiff's SAC, the Acting Commissioner of the NJ DOC is the only party previously pled and served with process.

of Plaintiff's SAC has either been accepted or waived on behalf of all but two of the defendants—namely, Defendants Jamil Howard and Candice Myers.  Summons was issued for both parties on March 3, 2023. *See* Altman Aff. ¶¶ 3–4 [ECF No. 64-1].  Service upon Howard was first attempted at his last known address by a process server on March 21, 2023. *See id.* ¶ 5.  However, the property was vacant and the utilities had been shut off.  Counsel then performed his own investigation in an attempt to identify other last known address(es) for Howard and another address was obtained. *See id.* ¶ 6.  Service was attempted by the process server at this address—an apartment located in Morrisville, Pennsylvania—on March 30, 2023. *See id.* ¶ 7.  While no one answered the door, a television was heard inside the residence.  Further attempts were made at this address to no avail on April 4, 2023, April 7, 2023, April 10, 2023, and April 17, 2023. *See id.* ¶ 8.  Service was next attempted by Plaintiff's process server at Howard's place of employment on May 1, 2023. *See id.* ¶ 9.  However, an employee stated that Howard was not available at the time. *See id.*

On March 21, 2023, service on Myers was first attempted by a process server at her home address, where there was no answer. *See id.* ¶ 10.  On March 22, 2023, the process server again attempted service at Myers' home address without success.[2] *See id.* ¶ 11.  During another attempt, on March 25, 2023, the process server spoke with an individual who indicated she was a resident and that Myers resided there but refused to respond to the door. *See id.* ¶ 12.  The process server also observed a package addressed to Myers and a call/mailbox listing Myers as a resident. *See id.* On March 27, 2023, the process server returned to Myers' residence and was greeted by a woman who identified herself as Myers' daughter. *See id.* ¶ 13.  The woman opened the door revealing a lady "who identified herself as [Myers,] refused to accept documents," and "[a]sked to send any

---

[2] Plaintiff's process server then attempted to contact Myers by telephone on March 22, 2023, and left contact information for her, to which no response was ever received. *See id.* ¶ 16.

correspondence to her lawyer." Altman Aff. Ex. B, at 1–2.  Additional attempts were made to no avail on March 31, 2023, April 5, 2023, and April 10, 2023. *See* Altman Aff. ¶ 14.  Counsel then made contact with Myer's purported counsel, "who stated that they were not representing Defendant Myers in the present matter and would not be accepting service on her behalf." *Id.* ¶ 15. Service was next attempted by the process server at Myers' place of employment on May 1, 2023. *See id.* ¶ 17.  However, an employee stated that Myers was not available at the time. *See id.*

Plaintiff now moves for an Order to permit service of process upon Defendants Howard and Myers by alternative means.  Plaintiff's motion is supported by the Affidavit of Keith Altman, Esquire, counsel for Plaintiff.  Attached thereto as Exhibits A and B are "Affidavits of Non-Service regarding all service attempts on Defendants Howard and Myers," respectively. *See id.* ¶¶ 18–19. Despite Plaintiff's repeated attempts to personally serve Howard and Myers, Plaintiff has been unable to do so.  Plaintiff asserts that Howard and Myers reside at the addresses where service has been attempted but that they are "clearly avoiding service." *Id.* ¶¶ 22–23.  Plaintiff further asserts that he has incurred expenses in his repeated attempts to personally serve them. *See id.* ¶ 24.  Thus, Plaintiff now seeks to serve Howard and Myers by leaving process at their usual places of residence and by also mailing copies *via* certified first-class mail to their addresses. *See id.*

## II.   **DISCUSSION**

### A.  **Legal Standard**

Federal Rule of Civil Procedure 4 governs service of a summons and complaint.  Because the defendants are individuals presumably located within a judicial district of the United States, service in this matter is governed by Rule 4(e).  As such, Plaintiff may serve the defendants by following the New Jersey laws governing service of a summons and complaint in state court. *See* FED. R. CIV. P. 4(e)(1) ("[A]n individual . . . may be served in a judicial district of the United States

by . . . following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made.").

Under New Jersey law, personal service is the primary method of effecting service. *See* N.J. CT. R. 4:4-4(a). Substitute or constructive service is permissible, however, if personal service cannot be effected within the state. *See* N.J. CT. R. 4:4-4(b), 4:4-5. For *in personam* jurisdiction, alternative methods of service include personal service outside the state, simultaneous mailings by ordinary and certified or registered mail, return receipt requested, and as provided by court order, consistent with due process of law. *See* N.J. CT. R. 4:4-4(b). Irrespective of the cause of action, substitute or constructive service requires a demonstration of due diligence by the requesting party that satisfies the requirements of New Jersey Court Rule 4:4-5(b). *See generally Modan v. Modan*, 327 N.J. Super. 44, 47 (App. Div. 2000) (noting that "[a]n affidavit of diligent inquiry is required to disclose the efforts made to ascertain the defendant's whereabouts before seeking an order for" service by alternative means).

"Diligence has no fixed standard." *Argonaut-Midwest Ins. Co. v. Colt Logistics Inc.*, No. 18-11783, 2018 WL 6716104, at *2 (D.N.J. Dec. 20, 2018) (citing *Modan*, 327 N.J. Super. at 48). However, the diligence exercised, and the alternative method of service sought, must satisfy the "elementary and fundamental requirement of due process." *O'Connor v. Altus*, 67 N.J. 106, 126 (1975) (quoting *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950)). Namely, this requires that there be "notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Id.* As such, in assessing diligence, the Court must conduct a fact-sensitive inquiry "measured by the qualitative efforts of a specific plaintiff seeking to locate and serve a specific defendant." *Modan*, 327 N.J. Super. at 48 (citation omitted). "In short, a plaintiff must demonstrate

4

a good faith effort to search and find a defendant whose address is unknown, or who is allegedly evading service, before resorting to alternate means of substitute service." *Guardian Life Ins. Co. of Am. v. Est. of Walter Matesic*, No. 16-643, 2016 WL 3763340 (D.N.J. July 14, 2016) (quoting *J.C. v. M.C.*, 438 N.J. Super. 325, 331 (Ch. Div. 2013)).

### B. Analysis

In the instant matter, the Court is satisfied that Plaintiff has demonstrated due diligence in his attempts to locate and serve Defendants Howard and Myers. A review of the Affidavit of Keith Altman, Esquire establishes that, in accordance with New Jersey Court Rule 4:4-4(a), Plaintiff attempted to personally serve Defendant Howard at his last known address on five prior occasions. *See* Altman Aff. ¶¶ 7–8. Plaintiff subsequently attempted personal service on Howard at his place of employment without success. *See id.* ¶ 9. Likewise, Plaintiff attempted to personally serve Defendant Myers at her last known address on seven prior occasions. *See id.* ¶¶ 10–14. Plaintiff then attempted personal service on Myers at her place of employment unsuccessfully. *See id.* ¶ 17. Furthermore, Plaintiff represents that his process server spoke with Myers on at least one occasion at her place of residence, where Myers refused to accept service and directed him to contact her attorney. *See id.* ¶ 13. Plaintiff then followed up with Myers' purported counsel who advised that the firm was not representing Myers in this matter and would not be accepting service on her behalf. *See id.* ¶ 15. Plaintiff's process server also attempted to contact Myers by telephone and left contact information for her. *See id.* ¶ 16. No responses have been received to date. Thus, Plaintiff alleges that Howard and Myers must be evading service. In light of these circumstances, the Court finds that Plaintiff has exercised due diligence by demonstrating in detail his good faith, exhaustive efforts to search, find, and serve Defendants, who appear to be evading service.

While Plaintiff has demonstrated to the Court that he was diligent in attempting to serve Defendants Howard and Myers, the Court's inquiry does not end there.  As previously mentioned, any form of substitute service must be "consistent with due process of law." N.J. Ct. R. 4:4-4(b)(3); *see Cordova v. Breezy Point Inc.*, No. 19-15442, 2020 WL 133034, at *3 (D.N.J. Jan. 13, 2020) (citation omitted).  Plaintiff's submissions in support of his motion for alternative service establish that the proposed method of service would involve a process server leaving a copy of the Summons and SAC at each defendants' usual place of residence, and by also mailing a copy *via* certified first-class mail to the residence.  While this alternative method of "leave-and-mail" service is not expressly contemplated by New Jersey Court Rules, it is certainly permissible, provided that it is consistent with due process of law.  Given the particular facts and circumstances in this case, the Court finds that Plaintiff's proposed method of service is consistent with the "elementary and fundamental requirement of due process." *O'Connor*, 67 N.J. at 126 (citation omitted); *see, e.g.*, *Cordova*, 2020 WL 133034, at *3 (finding the plaintiff's proposed method of "leave-and-mail" service "comports with traditional constitutional notice of due process").

## III.   CONCLUSION

Accordingly, for all the foregoing reasons,

**IT IS HEREBY ORDERED** this **19th** day of **May**, **2023**, that Plaintiff's motion [ECF No. 64] is **GRANTED**; and it is further

**ORDERED** that Plaintiff shall serve Defendants Howard and Myers in accordance with this Opinion and Order by **June 9, 2023**.

s/ Sharon A. King
SHARON A. KING
United States Magistrate Judge

cc:  Hon. Renée Marie Bumb, Chief Judge