

## State of New Jersey

| | | |
|---|---|---|
| PHILIP D. MURPHY<br>*Governor*<br><br>SHEILA Y. OLIVER<br>*Lt. Governor* | OFFICE OF THE ATTORNEY GENERAL<br>DEPARTMENT OF LAW AND PUBLIC SAFETY<br>DIVISION OF LAW<br>25 MARKET STREET<br>PO Box 112<br>TRENTON, NJ 08625-0112 | MATTHEW J. PLATKIN<br>*Attorney General*<br><br>MICHAEL T.G. LONG<br>*Director* |

May 22, 2023

<u>via CM/ECF Filing Only:</u>
Hon. Renee Marie Bumb, U.S.D.J.
District of New Jersey – Camden
Mitchell H. Cohen Courthouse
4th & Cooper Streets
Camden, NJ 08101

      Re:  Skelton v. NJ Department of Corrections, et al.
          <u>Docket No. 1:19-cv-18597-RMB-SAK</u>

Dear Judge Bumb:

    Undersigned counsel has been assigned to represent Kuhn, Bonds, Branganza, Frank, Nardelli, Hicks, Esch, Davanzio, Marcucci, Motley, Guaciaro, Brunson, O'Connell, Jimenez, Ekemezie, and Crackovich (hereinafter, the "Defendants"). The parties appeared before Judge King on May 1, 2023, and Judge King orally ordered Defendants to respond to Plaintiff's amended complaint by June 2, 2023.  <u>See</u> ECF No. 62. Pursuant to the Court's rules and procedures, the Defendants respectfully request that the court schedule a pre-motion conference.

    Defendants seek a pre-motion conference in advance of a motion to dismiss.  First, the Defendants will seek to dismiss Counts I-IV in Plaintiff's complaint for failure to state a claim, as the pleadings are limited and conclusory, and generally do not state a claim. For instance, to successfully state a claim for violation of the Eighth Amendment, an incarcerated person ("I/P") must satisfy both objective and subjective requirements. The I/P must allege a deprivation which was "sufficiently serious," and that in their actions or omissions, prison officials exhibited "deliberate indifference" to the I/P's health or safety.  <u>See</u> <u>Farmer v. Brennan</u>, 511 U.S. 825, 834 (1994).  Plaintiff failed to do so. And, the Defendants are also entitled to qualified immunity. <u>Pearson v. Callahan</u>, 555 U.S. 223, 231-233 (2009). To overcome



qualified immunity, Plaintiffs must establish that the constitutional violation was clearly established. E.g., D.C. v. Wesby, 138 S. Ct. 577, 589 (2018); Pearson v. Callahan, 555 U.S. 223, 232 (2009). There is no law clearly establishing that the diets described by the Plaintiff violate his constitutional rights. See Nickles v. Taylor, No. 09-557, 2010 WL 1949447, at *5 (D.N.J. May 14, 2010); Hunter v. Passaic Cty. Jail, No. CV 18-8835 (MCA), 2018 WL 5980447, at *3 (D.N.J. Nov. 14, 2018).

Second, Defendants will maintain that Counts V and VI of Plaintiff's complaint should be dismissed with prejudice, as the Americans with Disabilities Act (ADA) and Rehabilitation Act do not provide relief for his claims because Plaintiff does not sufficiently allege that his diabetes substantially limits a major life activity. Johnson v. Amtrak, 390 F. App'x 109, 133 (3d Cir. 2010) ("the discomfort or inconvenience that accompanies Johnson as a result of his diabetes, colitis, and back, neck, and knee injuries does not constitute a disability, as defined by the ADA.") And, when Plaintiff seeks compensatory damages, Plaintiff must allege facts establishing Defendants' intentional discrimination. Furgess v. Pennsylvania Dep't of Corr., 933 F.3d 285, 288-89 (3d Cir. 2019).

Third, Plaintiff's complaint should be dismissed to the extent it seeks damages against any of the Defendants in their official capacities. These parties are immune from damages under the Eleventh Amendment. See, e.g., Durham v. Dep't of Corr., 173 F.Appx. 154, 156 (3d Cir. 2006). Plaintiff's Complaint sues parties in their individual and official capacities for relief including damages and declaratory relief, but does not specify what relief is sought for which claims or against which Defendants. See Plaintiff's Complaint at p. 42-44.

Fourth, Count III of Plaintiff's complaint should be dismissed because it seeks to hold all defendants, including the Administrative Defendants, liable under a supervisory liability theory. Plaintiff's allegations fail to state a supervisory claim under the pre-Iqbal formulation of supervisory liability against the Administrative Defendants because he does not sufficiently plead they had personal knowledge, direction, or acquiescence. Plaintiff's limited pleadings on their involvement are conclusory. See Plaintiff's Complaint at ¶ 11-23 (containing conclusory allegations that "Defendants" "acted with deliberate indifference," "conspired together," "knew or should have known," and "willfully, deliberately and maliciously" acted without alleging facts establishing same).

For the foregoing reasons, Defendants respectfully request that the court schedule a pre-motion conference.

    Respectfully submitted,

    MATTHEW J. PLATKIN
    ATTORNEY GENERAL OF NEW JERSEY

    By: */s/ Daniel S. Shehata*
    Daniel S. Shehata
    Deputy Attorney General

cc via CM/ECF: all counsel of record