[Docket No. 129]

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY
# CAMDEN VICINAGE

| | |
|---|---|
| RAYMOND SKELTON on behalf of himself and all similarly situated persons,<br><br>Plaintiffs,<br><br>v.<br><br>JONATHAN BRANGANZA, individually and in their official capacity, *et al.*,<br><br>Defendants. | Civil No. 19-18597 (RMB-SAK)<br><br>**OPINION** |

**RENÉE MARIE BUMB, Chief United States District Judge**

**THIS MATTER** comes before the Court upon the Motion for Summary Judgment filed by Defendants Patricia Esch and Alexandra Davanzio ("Defendants" or "the Dietitian Defendants"). [Docket No. 129 (Defs. Br.").] Plaintiff Raymond Skelton ("Plaintiff") opposed the motion. [Docket No. 132 ("Pl. Br.").] Defendants filed a response in further support of their motion. [Docket No. 133 ("Defs. Reply").] Having considered the parties' submissions without oral argument pursuant to Federal Rule of Civil Procedure 78(b) and Local Civil Rule 78.1(b), Defendants' Motion for Summary Judgment is **GRANTED**.

[Docket No. 129]

## I. FACTUAL BACKGROUND & PROCEDURAL HISTORY

In a Third Amended Complaint (mis-labeled as a Second Amended Complaint), [Docket No. 75 ("Third Amended Complaint")], Plaintiff Raymond Skelton, an inmate incarcerated at the South Woods State Prison in Bridgeton, New Jersey, brings suit on his behalf and on the behalf of other similarly situated persons, against Defendants Patricia Esch and Alexandra Davanzio, former Dietitians employed by the New Jersey Department of Corrections ("NJDOC"), alleging that they failed to provide him with a diet adequate to sustain normal health. [*Id.* ¶¶ 24, 48.] On March 4, 2024, this Court dismissed all claims of the Third Amended Complaint and all Defendants other than his Eighth Amendment claims against the Dietician Defendants. *See Skelton*, 2024 WL 939688 at *24. The Court permitted limited discovery as to the claim against the Dietician Defendants. Because such discovery has failed to support Plaintiff's claims, the Court resolves the remaining claims in favor of the Dietician Defendants.

## II. LEGAL STANDARD

Summary judgment should be granted if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" if it will "affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue is "genuine" if it could lead a "reasonable jury [to] return a verdict for the nonmoving party." *Id.* at 250.

[Docket No. 129]

When deciding the existence of a genuine issue of material fact, a court's role is not to weigh the evidence: all reasonable "inferences, doubts, and issues of credibility should be resolved against the moving party." *Meyer v. Riegel Products Corp.*, 720 F.2d 303, 307 n.2 (3d Cir.1983). However, "the mere existence of a scintilla of evidence," without more, will not give rise to a genuine issue for trial. *Anderson*, 477 U.S. at 252. In the face of such evidence, summary judgment is still appropriate "[w]here the record . . . could not lead a rational trier of fact to find for the nonmoving party . . . ." *Matsushita Elec. Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986). "Summary judgment motions thus require judges to 'assess how one-sided evidence is, or what a "fair-minded" jury could "reasonably" decide.'" *Williams v. Borough of West Chester, Pa.*, 891 F.2d 458, 460 (3d Cir. 1989) (quoting *Anderson*, 477 U.S. at 265).

The movant "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)). Then, "when a properly supported motion for summary judgment [has been] made, the adverse party 'must set forth specific facts showing that there is a genuine issue for trial.'" *Anderson*, 477 U.S. at 250 (quoting Fed. R. Civ. P. 56(e), now codified at Rule 56(c)(1)). The non-movant's burden is rigorous: it "must point to concrete evidence in the record"; mere allegations, conclusions, conjecture, and speculation will

not defeat summary judgment. *Orsatti v. New Jersey State Police*, 71 F.3d 480, 484 (3d Cir. 1995).

## III. ANALYSIS

As this Court set forth in its prior opinion, in advancing an Eighth Amendment claim against prison officials in their individual capacities, Plaintiff bears a demanding burden. He must satisfy both the objective and subjective standards imposed by the Eighth Amendment. *Hudson v. McMillian*, 503 U.S. 1 (1992). First, the alleged deprivation must, objectively, be sufficiently serious as to deny Plaintiff the "minimal civilized measures of life's necessities." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)). To satisfy this component, Plaintiff must show that there was both actual or potential injury, and that "society considers the [acts] that the prisoner complains of to be so grave that it violates contemporary standards of decency to [subject] anyone unwillingly to those acts." *Helling v. McKinney*, 509 U.S. 25, 36 (1993). However, "[b]ecause routine discomfort is 'part of the penalty that criminal offenders pay for their offenses against society, only those deprivations denying the minimal civilized measure of life's necessities' are sufficiently grave to form the basis of an Eighth Amendment violation." *Hudson*, 503 U.S. at 9 (1992) (internal citations omitted).

Next, Plaintiff must show that Defendants were deliberately indifferent to his health or safety in a manner that subjected him to a substantial risk of serious harm. *Farmer*, 511 U.S. at 834. "Deliberate indifference" occurs only when it is established

that Defendants actually knew or were made "aware of the excessive risk to inmate safety." *Beers–Capitol v. Whetzel*, 256 F.3d 120, 125 (3d. Cir. 2001). Defendants must have been both "aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and . . . draw th[at] inference." *Farmer*, 511 U.S. at 837. Therefore, mere generalized knowledge is not enough to constitute an Eighth Amendment violation, *Jones v. Beard*, 145 F. App'x 743, 745 (3d. Cir. 2005), rather, the Court must find that the prison official "acted or failed to act despite his knowledge of a substantial risk of serious harm." *Farmer*, 511 U.S. at 841. If Plaintiff cannot meet either component, the Court need not inquire into the other. *Helling*, 509 U.S. at 35.

### A.  Nutritional Adequacy of the Diabetic Diet

Within prison officials' duty to provide "humane conditions of confinement" is the obligation to provide "nutritiously adequate food" to all inmates. *Betts v. New Castle Youth Dev. Ctr.*, 621 F.3d 249, 256 (3d Cir. 2010) (quoting *Farmer*, 511 U.S. at 832); *see also Laufgas v. Speziale*, 263 F. App'x 192, 198 (3d Cir. 2008). However, they bear no obligation to ensure that the food is warm, "tasty[,] or aesthetically pleasing" *Laufgas*, 263 F. App'x at 198; *Cunningham v. Jones*, 567 F.2d 653, 659-60 (6th Cir. 1977).

#### i. Objective Violation of the Eighth Amendment

Although Plaintiff alleged that the diet Defendants designed was nutritionally inadequate to sustain diabetic prisoners in good health as required by the Eighth Amendment, [Pl. Br. at 9], the Court cautioned in its prior opinion that absent a showing that the diet supplied by NJDOC failed to comply with USDA guidelines and

5

NJDOC's own internal dietary policy there would be no constitutional violation. *Skelton*, 2024 WL 939688 at *18. Limited discovery has failed to support Plaintiff's claims. The record is void of any evidentiary support of this allegation, absent Plaintiff's conclusory and self-serving Certification [Docket No. 132-1 ¶¶ 14, 41 (citing Pl. Ex. 1 ("Pl. Cert."))]. In his Certification, Plaintiff largely reiterates the narrative set forth in his Complaint and does not provide nutritional summaries; testimony; or any other evidence indicating that there was any deviation from the guidelines set in place by NJDOC; or that the food lacked necessary nutrition or was detrimental to his health. *Skelton v. Branganza*, 2024 WL 939688 (D.N.J. Mar. 4, 2024). Nor does he provide any medical records, lab results, or any other documentary proof tying his medical conditions to being served an objectively inadequate menu as opposed to simply being byproducts of his underlying diabetes. The Court afforded Plaintiff the opportunity to conduct limited discovery as to these claims, but such discovery did not support them.

Rather, throughout his briefing, Plaintiff attempts to support his conclusory factual assertions with generalized references to the record rather than specific citations to transcript testimony. This approach is insufficient under Rule 56, which requires pinpoint citations to evidence establishing a genuine dispute of material fact. *See* Fed. R. Civ. P. 56(c)(1)(A); *Anderson*, 477 U.S. at 250; *Orsatti*, 71 F.3d at 484.[1]

---

[1] The Court notes that Plaintiff inappropriately asserted facts within his Statement of Material Facts that do not cite to or are supported by specific parts of the record in violation of Local Rule 56.1(a). This is troubling.

Even crediting Plaintiff's Certification, he still offers no evidence that the menu was nutritionally deficient or that these Defendants knew of and disregarded a substantial risk. Rather, Defendants both testified that the nutritional guidelines were always followed, [Defs. Ex. A ("Esch Cert.") ¶¶ 7-9; Pl. Ex. 3 ("Davanzio Depo.") at 19:17-23; 21:3-7], and these guidelines complied with the standards set forth by the United States Departments of Health and Human Services and Agriculture to ensure all meals were nutritionally adequate. [Esch Cert. ¶¶ 7, 16-17; Davanzio Depo. at 17:3-5, 36:21 to 37:19.]

In an effort to combat these assertions, Plaintiff again relies on conclusory statements made in his Complaint and self-serving Certification as his primary "evidentiary" basis for his claims that his food is nutritionally inadequate or excessively rotten, though lacking any personal knowledge or measurable facts to support such conclusions. [Pl. Br. at 7-9; Pl. Cert. ¶¶ 6, 28, 32.] Even if the Court credits the possibility that spoiled items may appear on inmate's trays or deviations from policy on occasion, a conditions of confinement claim requires evidence of a substantial deprivation, not a mere disagreement with the menu or isolated incidents. *Hamm v. DeKalb Cnty.*, 774 F.2d 1567, 1575 (11th Cir. 1985), *cert denied*, 475 U.S. 1096 (1986); *LeMaire v. Maass*, 12 F.3d 1444, 1456 (9th Cir. 1993). Plaintiff has offered no scientific proof or specific evidence that the therapeutic diet he was served was nutritionally deficient but rather provides the Court solely with his own generalized assertions, which is insufficient to survive summary judgment. *Orsatti*, 71 F.3d at 484;

7

*See e.g. Gonzalez v. Sec'y of Dept. of Homeland Sec.*, 678 F.3d 254, 263 (3d Cir. 2012) ("[C]onclusory, self-serving affidavits are insufficient to withstand a motion for summary judgment.")

### ii. Subjective Violation of the Eighth Amendment

Although no further analysis is required, the Court addresses Plaintiff's subjective arguments to ensure a complete record. *Helling*, 509 U.S. at 35. In addition to Plaintiff's burden to establish an objective risk, he must also produce evidence that Defendants knew of and disregarded this risk. *Farmer*, 511 U.S. at 834. Despite having undergone limited discovery, Plaintiff has failed to meet this burden.

Limited discovery produced no evidence in support of Plaintiff's argument that Defendants designed and implemented diets that provided inmates with nutritionally inadequate food that they knew would cause the development of diabetes or other health conditions. Again, Plaintiff's subjective allegations that Defendants *in particular* were placed on notice regarding the risk posed by the diets through complaints from prisoners but chose not to act are supported only by Plaintiff's own statements and broad citations to Defendants' depositions. [Pl Br. at 5, 9 (citing Pl. Ex. 2 ("Esch Depo."); Davanzio Depo.).]

Nevertheless, in an effort to establish Defendants' actual knowledge, Plaintiff directs the Court to what appears to be a series of J-Pay forms with no clear recipient in which he voices various complaints regarding his diet. [Pl. Br. at 4 (citing Pl. Ex. 4).] However, this argument fails. Plaintiff does not identify any J-Pay message that

8

was addressed to or received by either Defendant, nor does he produce evidence that Defendants had access to J-Pay messages sent by inmates.

Rather, Defendant Davanzio testified that inmates do not have access to them via the J-Pay system nor do inmates submit complaints to them directly. [Davanzio Depo. at 40:11-16.] She further explained that Dietitians are made aware of the need for a nutritional consultation only if medical staff alerts them. [*Id.* at 41:6-17.] Both Defendants also denied ever having interacted with Plaintiff or having any knowledge of Plaintiff prior to the initiation of this suit, thereby quashing any inference the Court might otherwise draw regarding their personal knowledge. *See Farmer*, 511 U.S. at 834; [Esch Cert ¶ 18; Davanzio Depo. at 32:21 to 33:7.] Accordingly, Plaintiff's reliance on these J-Pay messages is insufficient to establish that Defendants were aware of and deliberately disregarded a substantial risk to his health. *See Farmer*, 511 U.S. at 834. Thus ends the inquiry. Still, the Court turns to the issue of qualified immunity, which is another basis to grant summary judgment.

      i.   **Qualified Immunity**

Qualified immunity "shields government agents from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Thomas v. Indep. Twp.*, 463 F.3d 285, 291 (3d Cir. 2006) (quoting *Behrens v. Pelletier*, 516 U.S. 299, 305 (1996)). Given that qualified immunity bestows immunity from suit, the Supreme Court "repeatedly ha[s] stressed the importance of resolving immunity questions at the

earliest possible stage in litigation." *Hunter v. Bryant*, 502 U.S. 224, 227 (1991) (citations omitted). To determine whether Defendants are entitled to qualified immunity from suit, courts ask two questions: "(1) whether [Defendants] violated a constitutional right, and (2) whether the right was clearly established, such that 'it would have been clear to a reasonable [government agent in the same role] that his conduct was unlawful in the situation he confronted.'" *Lamont v. New Jersey*, 637 F.3d 177, 182 (3d Cir. 2011) (quoting *Saucier v. Katz*, 533 U.S. 194, 201–02, (2001)).

As discussed previously, no constitutional violation has been shown, *see supra* Sections III.A.i, III.A.ii, therefore Defendants are entitled to qualified immunity, and summary judgment is warranted. *See Laufgas v. Speziale*, 263 F.App'x 192 198 (3d Cir. 2008) (citing *Ramos v. Lamm*, 639 F.2d 559, 571 (10th Cir. 1980)); *Eason v. Thaler*, 73 F.3d 1322, 1327 (5th Cir. 1996).

### B. Deliberate Indifference Claim

To sustain an Eighth Amendment claim premised on inadequate medical care, a plaintiff must show (1) a serious medical need and (2) deliberate indifference by the defendants to that need. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). While "[t]he denial of a medically prescribed diet may constitute an Eighth Amendment violation under certain circumstances," the case law Plaintiff relies upon underscores that the constitutional concern arises only where there is a *continued* failure to provide a medically appropriate diet resulting in a discernable decline in health. *Rush v. Fischer*,

923 F. Supp. 2d 545, 555 (S.D.N.Y. 2013), *aff'd Rush v. Canfield*, 649 F. App'x 70 (2d Cir. 2016).

Here, the Court has little difficulty concluding Plaintiff's diabetes constitutes a serious medical condition as alleged. *See e.g. Natale v. Camden County Corr. Facility*, 318 F.3d 575, 582 (3d Cir. 2003) ("[Prisoner] is an insulin-dependent diabetic. . . . [T]his is a serious illness, and [prisoner] had a serious medical need."). Rather, it must determine whether Plaintiff has proffered evidence from which a reasonable factfinder could conclude Defendants were deliberately indifferent to this serious medical need. *Id.* (quoting *Farmer*, 511 U.S. at 837). In other words, could a reasonable factfinder conclude that Defendants knowingly failed to provide Plaintiff with his medically prescribed therapeutic diet?

Plaintiff's assertion that the denial of a medically prescribed diet *can* constitute a violation of an inmate's Eighth Amendments rights under certain circumstances is correct. However, simply stating this proposition does not overcome his burden of producing evidence that the conduct of *these* Defendants resulted in any medical decline, let alone decline rising to the level of severity to succeed in such cases. [Pl. Br. at 15-16.] *See e.g. Johnson v. Harris*, 479 F. Supp. 333, 336-37 (S.D.N.Y. 1979) (Finding an Eighth Amendment violation where there was a continued failure to provide a diabetic inmate with a medically appropriate diet, resulting in gangrene and the eventual the amputation of limbs).

11

Limited discovery has uncovered that in order to receive a therapeutic diet, it must be prescribed by medical service providers, not Dietitians, who may order further nutrition consultation with the Dietitians if necessary. [Defs. Ex. C ("Davanzio Cert.") ¶¶ 9-10.] Such trays are then sealed and marked with the type of diet and the inmate's name who is to receive that tray. [*Id.* ¶ 17.] Further, it is other food service personnel, not Dietitians, who distribute the meal trays to the inmates. [Davanzio Cert. ¶ 19.]

To defeat Defendants' motion, Plaintiff must point to evidence in the record tying those implementation problems, if they occurred, to each Defendants' knowing disregard of the medically prescribed diet ordered for him. *See Jutrowski v. Twp. of Riverdale*, 904 F.3d 280, 291 (3d Cir. 2018). Other than mere assertions, conclusions, and vague disagreements, Plaintiff has failed to identify competent evidence showing a persistent failure by Defendants to provide him with his medically ordered diet, contemporaneous knowledge by Defendants as to this failure, or medical harm that directly resulted from the alleged failure. [Defs. Reply at 3-4.]

Accordingly, summary judgment is warranted. *See Farmer*, 511 U.S. at 837; *Orsatti*, 71 F.3d at 484.

### C. Plaintiff's "Self-Selection" Allegation

Plaintiff argues that upon occasion he has been forced to "self-select" his meals from the regular chow line due to Defendants' failure to provide him with his therapeutic meals [Pl. Br. at 8-9.] However, the Court finds this attempt to raise a new claim at this stage troubling and declines to consider it for several independent reasons.

12

First, this claim has not appeared in Plaintiff's operative complaint prior to its inclusion in his brief. It is well settled that a party may not amend or expand its operative pleadings through motion practice. *See Bell v. City of Phila.*, 275 Fed. App'x 157, 160 (3d Cir. 2008). When a claim is not properly pled, the moving party should seek to amend their complaint under Rule 15, not insert it in their briefing. *See e.g. Warfield v. Septa*, 460 Fed. App'x 127, 132 (3d Cir. 2012) ("A plaintiff may not amend a complaint by raising arguments for the first time in a brief in opposition to a motion for summary judgment."); *See also Josey v. John R. Hollingsworth Corp.*, 996 F.2d 632, 641-42 (3d Cir. 1993). Here, Plaintiff points to no allegation in his Third Amended Complaint, the operative complaint, asserting that he was forced to self-select his meals, nor does he identify pleaded facts that would have placed Defendants on notice that any issue beyond the nutritional adequacy of the menus and his therapeutic diet was at issue.

While Plaintiff's earlier complaints referenced class-wide self-selection, *see supra* Section III.A.i, that language is absent from the Third Amended Complaint, which controls. An amended complaint supersedes prior pleadings unless it expressly incorporates them, which Plaintiff did not do. *See W. Run Student Hous. Assocs., LLC v. Huntington Nat'l Bank*, 712 F.3d 165, 171 (3d Cir. 2013); Fed. R. Civ. P. 15(a). Instead, Plaintiff attempted to revitalize this self-selection claim by injecting it into his submission to the Court following discovery, which he then incorporated–improperly– in his Local Rule 56.1 Statement of Material Facts and briefing with conclusory

[Docket No. 129]

statements that he "was required to move through the chow line and self-select his food." [Docket No. 121; Pl. Br. at 8-9; Docket No. 132-1 ("Pl. SMF") ¶ 21.]

Setting aside the procedural defect, Plaintiff's assertion is not supported by any competent evidence. In his limited discovery submission, Plaintiff fails to cite to any discovery in support of his statement that he was forced to self-serve. [Docket No. 121 at 8.] When this claim arises again in his Local Rule 56.1 submission, Plaintiff simply directs the Court to "ECF 001" which is his first filed Complaint. [Pl. SMF ¶ 21.] Not only is this citation improper under Rule 56, but this Complaint has already been twice superseded, and the operative complaint is void of any such allegation. *See e.g. W. Run Student Hous. Assocs., LLC*, 712 F.3d at 171 ("[T]he amended complaint supersedes the original and renders it of no legal effect, unless the amended complaint specifically refers to or adopts the earlier pleadings."); Fed. R. Civ. P. 15(a), 56(c)(1)(A). Further, allegations in support of this claim are also lacking from Plaintiff's Certification. Turning to Plaintiff's brief, the only factual support he provides are general citations to both Defendants' depositions, which provide no support. [Pl. Br. at 8-9 (citing Esch Depo.; Davanzio Depo.)] Both Defendants testified that they never witnessed Plaintiff "self-serve" his meals as he alleges. [Esch Depo. at 24:13-22; Davanzio Depo. at 15:2-14.]

Moreover, even if the Court were to overlook these procedural defects, Plaintiff's failure to produce evidence of administrative exhaustion independently bars this claim. 42 U.S.C. § 1997e(a). This Court previously ordered Plaintiff to "produce

evidence of his alleged compliance with Prison Litigation Reform Act [(PLRA)] exhaustion requirements during discovery." *See* Order dated March 4, 2024, at 3. Yet, no such evidence has been produced. [Docket 121 at 2.] Compliance with the PLRA is mandatory, not optional. 42 U.S.C. § 1997e(a); *Booth v. Churner*, 206 F.3d 289, 291 (3d Cir. 2000), *aff'd*, 532 U.S. 731 (2001); *Porter v. Nussle*, 534 U.S. 516, 532 (2002). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford v. Ngo*, 548 U.S. 81, 90-91 (2006). Absent proper exhaustion of available administrative remedies, a prisoner's federal claims are barred by the PLRA. *Id.* at 100. Consequently, this claim of self-selection is barred from the consideration of this Court by the PLRA. 42 U.S.C. § 1997e(a).

The Court, therefore, will not permit this late-raised allegation to serve as a basis to avoid summary judgment or to reframe the case beyond the claims actually pleaded.

### D.     Plaintiff's Request to Reinstate Previously Dismissed Defendants

Finally, Plaintiff asks the Court for leave to amend his Third Amended Complaint to reinstate the NJDOC and Food Service Managers as Defendants, despite having been previously dismissed. [Pl. Br. at 17.] *See Skelton*, 2024 WL 939688 at *24. In making this request, Plaintiff has failed to reference any evidence in the record to

support this request. [*Id.*] Nor does he offer a basis under Rule 15 or point to any newly discovered evidence. [*Id.*] Fed. R. Civ. P. 15. Therefore, Plaintiff's request is denied.[2]

## IV.  CONCLUSION

For the foregoing reasons, Defendants' motion for summary judgment is **GRANTED**. An accompanying Order shall issue.

**January 28, 2026**　　　　　　　　　　　　　　s/Renée Marie Bumb
Date　　　　　　　　　　　　　　　　　　　　RENÉE MARIE BUMB
　　　　　　　　　　　　　　　　　　　　　　Chief United States District Judge

---

[2] In his brief, Plaintiff provided no citations to the record in support of his argument to reinstate the NJDOC and Food Service Managers as Defendants. However, should he believe there is specific evidence in the record to support his request that the Court overlooked, he can move for reconsideration under the Local Rules. *See* D.N.J. L. Civ. R. 7.1(i).